The People of the State of Illinois ex rel. Methodist Deaconess Orphanage, Appellant, v. William L. Leech, Appellee.

Gen. No. 9,058.

20

Opinion
filed April 13, 1936.

JAMES A. STEVEN, of Chicago, and FREMONT M. KAUF-MAN, of Dixon, for appellant.

CLYDE SMITH, of Dixon, for appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

Kate B. Stewart, a resident of Lee county, died testate. The executor nominated by the will failed to qualify and Martin D. Barnett was appointed administrator with the will annexed. The testatrix by the residuary clause of her will divided her residuary estate equally among the Methodist Deaconess Orphanage, Agard Deaconess Rest Home, and the Berry Schools.

On February 6, 1935, the administrator filed his petition in the county court for the fixing of an allowance to him in his accounts as such administrator, for legal services performed by his attorneys in connection with such estate. On May 13, 1935, the county court entered its order finding that legal services were proper and necessary on behalf of said administrator, and ordered that he be allowed credit in his accounts as such administrator for the sum of $6,000 for attorney fees, and that the same should be taxed as costs of administration. Appellant prayed an appeal from this order to the circuit court of said county. The county court fixed the appeal bond in the penal sum of $12,000. On

June 1, 1935, appellant presented to the county court an appeal bond executed by appellant as principal, and the Agard Deaconess Rest Home as surety, in the penal sum of $12,000. With such bond, appellant presented a supporting affidavit made by the secretary of appellant corporation showing that said appellant and surety were owned and possessed of real and personal property in Lake county, Illinois, subject to levy and execution, in excess of $50,000 above all obligations and liabilities. The court refused to approve this bond. The 20-day period provided for the filing of such bonds expired on June 2, 1935. This day fell on Sunday, and upon the following day, to wit, on Monday, June 3, 1935, appellant caused to be filed with the clerk of the county court of said county another appeal bond, conditioned in the penal sum of $12,000, with appellant as principal, and James A. Steven and S. E. Leeman as sureties. This bond was duly executed and acknowledged, and is in the usual form. It was accompanied with supporting affidavits by the sureties, James A. Steven making affidavit that he was the owner of real and personal property of a fair cash market value of $40,000 over and above all of his obligations, and S. E. Leeman to the same effect to the sum of $15,000. The sureties were present in court ready to testify regarding their qualifications on such bond. It appears from the record that the bond was disapproved by the county court without hearing any testimony.

The appellant thereupon brought this petition for writ of mandamus in the circuit court of said county. Appellee filed a general demurrer to the petition, which was sustained and the petition dismissed. Appellant prosecutes this appeal from the order of the circuit court dismissing such petition.

The petition alleges that the sureties were good and sufficient, and of the financial worth and responsibility

as set out in the affidavits; and charges that appellee refused to examine into the sufficiency of the sureties, and arbitrarily and without just cause refused to approve said bond.

The right of appellant to prosecute an appeal herein was fixed by statute. The proceeding having been finally disposed of in the county court, the appellant was therefore entitled to take an appeal to the circuit court in the manner provided by statute. We are of the opinion that the bond filed on June 3, 1935, was filed within contemplation of the statute, that such bonds must be filed within 20 days. Ill. State Bar Stats. 1935, ch. 131, ¶ 1 (11th Cl.) (ch. 131, sec. 1, ¶ 11, Smith-Hurd 1935). The above chapter on statutes by said paragraph provides: ''The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it shall also be excluded.'' It is not within the province of courts of review to overrule the discretionary acts of inferior tribunals unless a clear duty to act exists with an accompanying arbitrary refusal to perform the duty. As above stated, the statute gave to appellant the right of appeal from the order of the county court. We are of the opinion from the allegations appearing in the petition herein that the same were sufficient as against a general demurrer. If the bond is filed within the time prescribed by statute, and in the amount fixed by the court, with sufficient sureties thereto, then the duty of the county court to approve the bond becomes ministerial in character, the performance of which may be compelled by writ of mandamus, upon sufficient facts going to show a clear right thereto.

Ill. State Bar Stats. 1935, ch. 3, ¶ 69 (sec. 69, ch. 3, Administration Act, Smith-Hurd 1935), now provides that appeals from the county to the circuit court such as of this nature, shall be granted, ''by appellant giving a good and sufficient bond, for costs only, . . .''

This change was brought about by an amendment of May 3, 1935, and was obviously intended to correct the burden in many instances placed upon the appellant in appeals of this character. The administrator who procured the order for the allowance to himself of the attorney fee was in no way endangered in the loss of the money involved because of this appeal. He had the money in his hands. Under no circumstances could appellant be liable for more than the costs.

We are compelled to pass upon this case upon the record as before us. We are of the opinion that the petition filed was good as against a general demurrer. The order and judgment of the circuit court is therefore reversed and this cause remanded with directions that the circuit court overrule appellee's demurrer to the petition, which was designated as a motion to dismiss.

*Reversed and remanded with directions.*