(No. 36795.—

THE PEOPLE *ex rel.* Meda Stickler Doty, Petitioner, *vs.*
WILLIAM R. DUSHER, Respondent.

*Opinion filed March 23, 1962.*

RENO, ZAHM, FOLGATE & SKOLROOD, of Rockford, for
petitioner.

MAYNARD & MAYNARD, of Rockford, for respondent.

Mr. JUSTICE KLINGBIEL delivered the opinion of the
court:

Petitioner, Meda Stickler Doty, seeks a writ of *man-
damus* from this court directing the Honorable William R.
Dusher, circuit judge of Winnebago County, to expunge an
order by which he purported to dismiss her appeal to the
Appellate Court in a child custody dispute. She also prays
that respondent be directed to fix the amount and conditions
of her appeal bond.

The order from which petitioner had sought to appeal
was entered on August 31, 1961, in cause No. 65814 en-
titled Meda Stickler, plaintiff, vs. Tommy Stickler, defend-

ant. It provided that custody of the two minor children of the parties to that cause be changed from petitioner to her former husband Tommy Stickler "until the expiration of one week from the closing of the school term in the month of June, 1962, at which time said custody shall be subject to the further order of the court." On September 12 petitioner filed a notice of appeal, and a motion to fix the amount and conditions of an appeal bond. On September 15, the day set for hearing on the motion, the respondent refused to fix the amount and conditions of an appeal bond, and entered an order dismissing the appeal.

It is clear that the order of September 15, 1961, is void and of no effect. It is not disputed that the notice of appeal filed on September 12 was in due time. When the notice was filed the jurisdiction of the Appellate Court attached *instanter* and the circuit court was thereupon deprived of jurisdiction. (*Brehm* v. *Piotrowski,* 409 Ill. 87.) Thereafter it had no power over the appeal. Respondent insists that the order of August 31 changing custody was not a final and appealable order, but such question is for the reviewing court to decide, not the trial court. Since the order of dismissal was unauthorized and void the petitioner might have proceeded with her appeal as if the order had not been rendered. It is proper, however, that the records of the court should be purged of the void order, and for that purpose *mandamus* is a proper remedy. *People ex rel. Woll* v. *Graber,* 394 Ill. 362; *People ex rel. Waber* v. *Wells,* 255 Ill. 450.

Respondent alleges that a physical change of custody was accomplished on September 13, that petitioner's purpose in filing a bond was to have the appeal operate as a *supersedeas,* and that since the order changing custody was fully executed no purpose could be served by the appeal bond. It is further argued that petitioner's object in filing the appeal and motion for *supersedeas* bond was to hinder and delay enforcement of the August 31 order, for personal and selfish

ends instead of the best interests of the children. Such matters are beside the issue in the present proceedings. The question of custody was the question involved in the litigation and petitioner had the right to have the decision thereon reviewed by appeal. Whether the terms and amount of the appeal bond were to be fixed or not fixed was not within the discretion of the judge. The statute says that "An appeal to the Appellate or Supreme Court operates as a supersedeas only if and when the appellant, after notice, gives and files a bond in a reasonable amount, to secure the adverse party. If the bond is given before the record is filed in the reviewing court, *the amount and terms thereof shall be fixed and the security approved by the trial judge * * *.*" (Ill. Rev. Stat. 1961, chap. 110, par. 82.) (Emphasis supplied.) While *mandamus* will not lie to control the judicial action of a judge it will lie to compel an act concerning which he has no discretion. *People ex rel. Waber* v. *Wells*, 255 Ill. 450; *People ex rel. Methodist Deaconess Orphanage* v. *Leech*, 285 Ill. App. 19.

The writ of *mandamus* is hereby awarded commanding the respondent, as judge of the circuit court of Winnebago County, to expunge from the records of that court the order of September 15, 1961, dismissing petitioner's appeal in cause No. 65814 in that court, and to fix the amount and terms of her appeal bond.

*Writ awarded.*