Dorothy Rose Regan, Plaintiff-Appellee, v. John Regan, Defendant-Appellant.

Gen. No. 48,695.

First District, Third Division.

November 28, 1962.

John Demling, of Chicago, for appellant.

Guerine and Guerine, of Melrose Park (J. Roger Sewell, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The defendant appeals from an order of the trial court entered October 6, 1961, denying his petition for a reduction in weekly support payments.

The parties were divorced in 1957. At that time defendant was ordered to pay $20 a week for the support of his minor child. On August 1, 1961 plaintiff filed a

petition for a rule on defendant to show cause why he should not be held in contempt for failure to comply with the order, and alleged an arrearage of $2840. Defendant pleaded inability to make payments and filed a cross-petition for reduction in the weekly support payments. On September 6, 1961 the court found defendant in arrears in the amount of $1920 and directed him to execute a note for that amount secured by a trust deed covering his interest in some real estate. Defendant executed the trust deed and note and was not in default on that order at the time of the hearing on October 6, 1961.

██ ██ The hearing on defendant's petition for a reduction in support payments was then held. After some statements by the court and by counsel for both parties, the court, observing that defendant had hired a court reporter, denied defendant's petition to reduce on the theory that if he could afford to hire a reporter, he could afford to make the weekly support payments. There was no testimony as to plaintiff's finances and almost none as to defendant's financial condition. Defendant was entitled to a full hearing. That includes the right to have witnesses appear and be cross-examined. Saxon v. Saxon, 20 Ill App2d 477, 156 NE2d 229 (Abst Opin). In that case this court said with respect to a similar matter:

> "We are fully cognizant of the overwhelming pressure to which a most conscientious judge is subjected in the hearing of motions such as these, and we can well understand the confusion that would follow if the hundreds upon hundreds of such motions in divorce cases were each to receive a formal hearing. Yet, until another legal method for the disposition of these matters is found and provided for by legislation, the courts must provide a hearing when it is requested. This is fundamental."

The order must be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Order reversed and cause remanded with directions.

DEMPSEY, P. J. and McCORMICK, J., concur.