Forest City Oil Co., Inc., Plaintiff-Appellee, v. Delbert J. Larsen, Defendant-Appellant.

**Gen. No. 11,790.**

Second District, First Division.
December 20, 1963.

Brown, Connolly and Paddock, all of Rockford (David Connolly and Robert J. Oliver, of counsel), for appellant.

Maynard & Maynard, of Rockford (James F. Maynard, of counsel), for appellee.

SMITH, J.

We are asked on this appeal to review a judgment which the trial court and all parties agree is erroneous. We are asked to reverse that judgment and remand the cause to the trial court with directions to enter an order which has already been entered. We pause at this point to wonder why we are here. This juridical phenomenon was forged out of a relatively simple chain of events.

Plaintiff filed its suit for the return of $500 under an option contract and attached a copy of the contract. Defendant filed his motion to dismiss the complaint on the theory that under the contract he retained the $500 as liquidated damages. It is asserted by the plaintiff in his brief and denied by the defendant in his, that the trial court was given to understand that the only real question to be decided was a legal interpretation of the contract. The motion was argued and on January 22, 1963, the court filed a memorandum decision and entered the following order:

> Cause heard on complaint, motion to strike considered as answer. Judgment in favor of plaintiff and against defendant in the sum of $500 and costs of suit.

On February 15 defendant filed his notice of appeal asserting that the judgment was in error, in that the cause was not heard on the merits, that no evidence supported the judgment and that the trial court was without lawful authority to treat the motion of the defendant as his answer. Apparently perceiving the merit of this contention and satisfied that it was the possessor of an indefensible judgment, the plaintiff filed its motion on February 15 stating that the judgment was in error, that the judgment should be vacated and that a proper order should be entered denying defendant's motion to strike and allowing him twenty days in which to answer. Three days later both parties appeared before the trial court and set plaintiff's motion for hearing on March 1. At this point we are still within thirty days of the entry of the judgment. On February 25, defendant filed his motion to strike the plaintiff's motion to vacate on the ground that notice of appeal having been given, the jurisdiction of the appellate court had attached, that the trial court had lost jurisdiction and the plaintiff was asking the trial court to enter a void order. The original record, filed in this court on April 15, ends at this point.

Both parties in their briefs supplied us with the information that the trial court did vacate the judgment and did grant the defendant twenty days in which to answer. We granted leave to file a supplemental record which fully supports this intelligence. The trial court order was entered on April 23 after the record was filed in this court but before the abstract or briefs were filed here. We are thus confronted with a situation where the impropriety of the January 22 judgment is asserted by the defendant in his notice of appeal, confessed by the plaintiff in his motion to vacate that judgment and confirmed by the trial court in its order of April 23 vacating the judgment. It thus appears that the demise of the judgment in the trial court has been effected, that the relief

369

requested here, has been granted there and that there is nothing for us to decide. There being no work left for us to do, common sense would suggest that we dismiss the appeal and go home.

Appellant insists, however, that for us to do that is to give our judicial blessing to an order of the lower court that is coram nonjudice. Appellant rests his right foot on the rule that notice of appeal having been given, the jurisdiction of the appellate court attaches instanter, the circuit court loses jurisdiction and thereafter has no jurisdiction over the appeal. He rests his left foot on the proposition that we take a case as it exists when the notice of appeal is filed and do not consider or review events occurring thereafter. People ex rel. Doty v. Dusher, 24 Ill2d 309, 181 NE2d 166; Butler v. Palm, 36 Ill App2d 351, 184 NE2d 633; Brehm v. Piotrowski, 409 Ill 87, 98 NE2d 725. We do not think these rules are as blatantly categorical, unyielding or mandatory as their mere statement suggests. We do not think that they completely handcuff or devitalize the trial court in all cases. Specifically, we do not think that they were intended as insuperable bars to granting in that court in toto the relief sought in this court. At first blush, at least, it would seem to be abysmal procedural asininity to leave Rockford and come to Ottawa and here seek relief that has already been granted there.

To hold unrelentingly in every case that the notice of appeal, whether implemented as a supersedeas or not, instanter quarantines or isolates the trial court is to do obeisance to a judicially created procedural Frankenstein. The havoc thus wrought would be incalculable. Would it not completely nullify Supreme Court Rule 36(e)? (Ill Rev Stats 1961, c 110, § 101.-36(e).) That rule reads as follows:

> "Prior to the filing of any record in the reviewing court, the trial court may dismiss the appeal upon

stipulation of the parties or upon the failure of the appellant to file the record in proper time."

CPA 50(6) (Ill Rev Stats 1961, c 110 § 50(6)) reads, in part, as follows:

"The Court . . . may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable or just."

Does the jurisdictional rule here invoked by the appellant effectively emasculate this statute in all cases?

CPA 68.3, Ill Rev Stats 1961, c 110, § 68.3 reads, in part, as follows:

"In cases tried at law without a jury, any party may, within 30 days after the entry of the . . . judgment, file a motion for rehearing, or a retrial, or modification of the . . . judgment or to vacate the . . . judgment or for other relief?"

Does the jurisdictional rule here invoked by the appellant render this statute impotent in all cases?

We think the questions above asked answer themselves. We think that notice of appeal procedure is in pari materia with these statutes and that it should not and does not operate as a universal straight-jacket. It is not a particularly astute observation to suggest that the three procedural vehicles above described were patently intended as wholesome instrumentalities whereby the trial court can and should redo that which obviously needs to be redone. Within 30 days of its entry and prior to the filing of the record in this court the parties were in agreement that the judgment order of January 22 was in error. It was more than a passive agreement. It was asserted by each party in his pleadings then on file in the trial court. We seek in vain for a sound, defensible reason why this appeal did not then terminate by a stipulation between the parties

that the appeal be dismissed and the judgment vacated. Certainly it would have been an appropriate use of Supreme Court Rule 36(e). The trial court sought, by its order of vacation, to correct its error. That order came after the record was filed in this court but before the abstract or briefs were filed here. Once again we are at a loss to understand why this appeal did not terminate at this point by an appropriate stipulation between the parties. The existence of the trial court's order of vacation is properly before us to indicate that there is no real controversy between the parties. Tuttle v. Gunderson, 341 Ill 36, 173 NE 175. Its propriety is not before us as it is rudimentary under the authorities cited above that we review only questions existing at the time of the notice of appeal. We cannot and do not, therefore, pass upon the propriety or correctness of the vacation order.

A reviewing court should not be called upon to decide questions which have become mere phantoms and there are circumstances under which we could appropriately dismiss the appeal. Siefferman v. Johnson, 406 Ill 392, 94 NE2d 317. To do so on the record before us leaves the judgment order of January 22 in full force and effect. No one wants that. Neither do we. We therefore join in holding that the judgment order of January 22 is erroneous and should be vacated. The judgment appealed from is accordingly reversed and for naught held and this cause is remanded to the trial court with directions to grant the defendant 20 days, or such additional time as may be required, after the filing of the mandate of this court in the trial court within which to file his answer.

Reversed and remanded.

DOVE, P. J. and McNEAL, J., concur.