*In re* MARRIAGE OF HELEN GIAMMERINO, Petitioner-Appellee, and MARK D. GIAMMERINO, Respondent-Appellant.

First District (3rd Division)   No. 79-179

Opinion filed February 6, 1980.—Rehearing denied March 24, 1980.

Meinhardt & Kightlinger, Ltd., of Arlington Heights (John D. Kightlinger, of counsel), for appellant.

Foos, Meyers & Jacobs, Ltd., of Chicago (Jeffrey D. Jacobs, of counsel), for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Petitioner, Helen Giammerino, filed a petition for the dissolution of her marriage to respondent, Mark Giammerino. A judgment of dissolution of marriage was entered; thereafter, the court denied respondent's post-judgment motions. We reverse and remand.

On August 29, 1978, a hearing on the grounds for dissolution of

the marriage was held. On September 1, the court found that grounds existed for the dissolution and a hearing on the distribution of the property of the parties was set for October 18.

At the hearing on October 18, the parties informed the court that they had reached a property settlement agreement. The agreement was presented orally and petitioner's attorney stated that a written agreement would be executed later by both parties. The oral agreement referred to three parcels of marital property which were described in the petition for dissolution of marriage. Petitioner agreed to quitclaim all rights, title and interest in those properties in exchange for $70,000 to be paid by respondent. Both parties attended this hearing and consented to the terms of the agreement.

On December 1, the judgment of dissolution of marriage was entered. The judgment incorporated the terms of the oral agreement.

On December 27, 1978, respondent filed a motion to vacate the judgment pursuant to section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 68.3). The motion to vacate the judgment was accompanied by respondent's affidavit. In support of the motion, respondent stated that he and his prior attorney misunderstood one another regarding the classification of one parcel of property ("Raupp property") referred to in the agreement. Specifically, respondent stated that the Raupp property was erroneously included as marital property in the property settlement agreement. According to respondent, this property was owned by him prior to the marriage and had never become marital property; it had been held in a land trust since December 3, 1975, a date preceding their marriage. He also asserts that he never reviewed or signed the property settlement agreement. Respondent concludes that the property settlement should therefore be set aside.

On December 27, respondent also filed a motion for an extension of time to file a motion for rehearing regarding the grounds for dissolution. Respondent claimed that he needed the extension of time to obtain a transcript of the August hearing.

The court heard arguments of counsel relating to the motions. Although requested, no evidentiary hearing was held. The motion to vacate the judgment and the motion for an extension of time were denied.

■■ Respondent first contends that the trial court erred in denying him a hearing on his motion to vacate. We agree. An evidentiary hearing, including the right to present witnesses and engage in cross-examination, must be given if properly requested in domestic relations cases. *Regan v. Regan* (1962), 38 Ill. App. 2d 383, 384, 187 N.E.2d 286, 287; *Saxon v. Saxon* (1959), 20 Ill. App. 2d 477, 156 N.E.2d 229 (abstract).

■ We believe respondent's motion to vacate and accompanying

affidavit sufficiently allege circumstances which require an evidentiary hearing to determine whether the property settlement agreement should be set aside. Respondent is entitled to an evidentiary hearing on whether he solely owned the Raupp property prior to the marriage and whether it should be classified as nonmarital property. In reaching our conclusion, we note that petitioner's attorney stated at the October 18, 1978, hearing: "We have a written property settlement agreement and * * * it will be *executed by both parties.*" (Emphasis added.) Although the court subsequently asked respondent whether he understood the agreement as it was read into the record, the fact that respondent did not execute the agreement, despite the representation by petitioner's attorney that it would be executed by both parties, supports our conclusion that an evidentiary hearing should be held regarding the property settlement agreement.

■■ Respondent also contends that his motion for an extension of time to file a motion for rehearing as to the dissolution grounds was improperly denied. We agree. Respondent should have been granted a reasonable extension of time for filing this motion so that he could obtain a transcript of the August hearing. Thus, this motion was improperly denied.

Accordingly, the order denying respondent's motion to vacate is reversed and this cause is remanded for further proceedings consistent with what is stated herein. The order of the trial court denying respondent's motion for an extension of time is reversed with directions that respondent be allowed a reasonable time to file his motion for rehearing on the grounds for dissolution.

Reversed and remanded with directions.

McGILLICUDDY, P. J., and McNAMARA, J., concur.