*In re* MARRIAGE OF HELEN GIAMMERINO, Petitioner-Appellee, *v.* MARK D. GIAMMERINO, Respondent-Appellant.

First District (3rd Division) No. 79-1380

Opinion filed March 31, 1981.

Meinhardt & Kightlinger, Ltd., of Arlington Heights (John D. Kightlinger, of counsel), for appellant.

Foos, Myers & Jacobs, Ltd., of Chicago (Jeffrey D. Jacobs, of counsel), for appellee.

Mr. PRESIDING JUSTICE RIZZI delivered the opinion of the court:

Respondent, Mark Giammerino, appeals from an order requiring him to pay $1000 to the attorney of petitioner, Helen Giammerino, for defense of a pending appeal in a dissolution of marriage action. We reverse and remand.

On December 1, 1978, a judgment of dissolution of the marriage between petitioner and respondent was entered. The judgment provided that petitioner was to quitclaim all rights, title and interest in three parcels of property in exchange for $70,000 to be paid by respondent by December 27, 1978. It further provided that in the event the $70,000 was not paid by December 27, 1978, the properties were to be listed for sale and petitioner was to receive the first $70,000 of the proceeds from the sale. Petitioner was to be allowed to live in the marital house until the end of January 1979, and she was to pay respondent $250 per month as rent "beginning the date of the execution of this Judgment of Dissolution of Marriage, and the payment of the Seventy Thousand Dollars."

On December 27, 1978, the trial court ordered that the parcels of property be listed with a real estate broker. Subsequent to this order, respondent filed a notice of appeal (No. 79-179).

On March 29, 1979, we ordered that respondent's appeal bond be reduced from $70,000 to $25,000. We further ordered that the appeal bond would be released when two of the properties were sold and the proceeds (provided they were in excess of $80,000) were deposited in an escrow account pending the determination of the appeal in No. 79-179. An opinion was filed by this court in No. 79-179 on February 6, 1980. *In re Marriage of Giammerino* (1980), 81 Ill. App. 3d 998, 401 N.E.2d 1048.

On April 24, 1979, petitioner filed the instant action in which she asked for a rule to show cause why respondent should not be held in contempt for failure to comply with the December 27, 1978, order of the trial court and the March 29, 1979, order of the appellate court. Petitioner asked for an order granting her exclusive possession of the marital home. She also requested attorney's fees for defense of the appeal in No. 79-179.

In an order of May 4, 1979, respondent was found to be in contempt

of court. The trial court awarded petitioner exclusive possession of the marital home until termination of the appeal or payment of $70,000. A real estate broker was appointed to sell the properties. Finally, the trial court awarded $1000 to petitioner's attorney as preliminary attorney's fees for defense of the appeal in No. 79-179.

In his brief, respondent argues that the trial court erred in awarding exclusive use of the former marital residence to petitioner. This issue was expressly waived by respondent at oral argument and therefore will not be considered.

The remaining issue raised by respondent is whether the trial court properly awarded prospective attorney's fees for defense of the pending appeal in No. 79-179. Respondent argues that the trial court lacked authority to award these fees. (See *In re Marriage of Wright* (1981), 92 Ill. App. 3d 708, 712; *Zalduendo v. Zalduendo* (1977), 45 Ill. App. 3d 849, 859, 360 N.E.2d 386, 393.) We disagree with the position that a trial court lacks jurisdiction to enter an award for attorney's fees to defend an appeal after the notice of appeal is filed and while the appeal is pending.

First, the Act expressly states that the "court from time to time * * * may order either spouse to pay a reasonable amount for * * * attorney's fees necessarily incurred by the other spouse * * * in connection with the * * * defense of an appeal of any order or judgment under this Act." (Ill. Rev. Stat. 1977, ch. 40, par. 508(a)(3).) Nothing in the Act states that attorney's fees may not be awarded during the pendency of an appeal.

Next, to hold that the trial court is deprived of jurisdiction to award attorney's fees under the Act because a notice of appeal has been filed would be to apply a general principle to a specific situation where it is inapposite. The filing of a notice of appeal does not deprive the trial court of jurisdiction in all instances. There are many recognized exceptions to the general principle that the trial court loses jurisdiction upon the filing of a notice of appeal. (*Southland Corp. v. Village of Hoffman Estates* (1970), 130 Ill. App. 2d 311, 315-18, 264 N.E.2d 451, 454; *Dear v. Locke* (1970), 128 Ill. App. 2d 356, 366, 262 N.E.2d 27, 32; *Payne v. Coates-Miller, Inc.* (1979), 68 Ill. App. 3d 601, 608, 386 N.E.2d 398, 403; Karasik, *Jurisdiction Of Trial Court After Notice Of Appeal*, 53 Ill. B.J. 30 (1964).) Plainly, a trial court has jurisdiction to hear matters independent of and distinct from the issues involved in the appeal. The trial court may entertain matters that are purely collateral or supplemental to the appeal (*Dear*, 128 Ill. App. 2d 356, 366, 262 N.E.2d 27, 32; 4 Am. Jur. 2d *Appeal and Error* §355 (1962)), or which arise subsequent to entry of the judgment from which the appeal has been taken and which do not have the effect of interfering with review of the judgment. (*Payne*, 68 Ill. App. 3d 601, 608, 386 N.E.2d 398, 403; *Lind v. Spannuth* (1956), 8 Ill. App. 2d 442, 453, 131 N.E.2d 796, 802 (Feinberg, J., specially concurring).) Accordingly,

we must determine whether an award of attorney's fees to defend an appeal of a matter brought under the Act would have the effect of interfering with review of the judgment from which the appeal has been taken.

■■ In this regard, it is readily apparent that an award of attorney's fees to defend a pending appeal necessarily involves an issue that arises after a notice of appeal is filed, and which therefore could not be embraced in the pending appeal. Thus, the award of attorney's fees to defend a pending appeal is not affected in any way by the appeal, and it is not dependent in any respect on the outcome of the appeal. Nor does the award of attorney's fees have the effect of interfering with the pending appeal. Accordingly, an award for attorney's fees to defend a pending appeal is merely collateral to the appeal and involves a matter independent of any question raised by the appeal. (*Cf. In re Marriage of Raidbard* (1980), 87 Ill. App. 3d 158, 162, 408 N.E.2d 1021, 1025; *Chicago Title & Trust Co. v. Czubak* (1978), 67 Ill. App. 3d 184, 185, 384 N.E.2d 765, 766.) We therefore conclude that under the Act, the trial court has jurisdiction to award attorney's fees for the defense of pending appeals.

■■ However, although there is nothing inherently improper in awarding prospective attorney's fees on behalf of a spouse, prospective attorney's fees should be awarded cautiously, and there must be a basis in the record for the award. Here, the record does not support the award. Petitioner did not ask for a specific amount of attorney's fees. She merely requested a contribution from respondent so that she could continue to defend herself on appeal. There was no showing of what services would be reasonable and necessary, other than a general statement that the preparation and research of a brief and reply brief would be required. Nor was there any evidence regarding what the approximate cost of such services would be. Therefore, the award of attorney's fees must be reversed, and the case must be remanded for a hearing on attorney's fees.

Accordingly, the order of the trial court awarding $1000 to petitioner's attorney is reversed, and the case is remanded to the trial court for a hearing on the issue of attorney's fees.

Reversed and remanded.

McNAMARA and McGILLICUDDY, JJ., concur.