*In re* MARRIAGE OF STEVE W. McBRIDE, Petitioner-Appellant, and LUCILLE D. McBRIDE, Respondent-Appellee.

Third District   Nos. 81-341, 81-183 cons.

Opinion filed December 3, 1981.

Edward C. Moehle and Susan Hickman Butler, both of Moehle, Smith & Day, Ltd., of Pekin, for appellant.

Robert L. Metzler, of Pekin, for appellee.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

On February 2, 1981, Steve W. McBride filed a petition for dissolution of marriage. His wife, Lucille D. McBride, filed an entry of appearance and waiver and a judgment of dissolution was entered on February 11, 1981. Custody of the parties' minor child, Kelly McBride, was granted to Steve.

On March 20, 1981, Lucille, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72) filed a petition to set aside the judgment of dissolution of marriage. The petition alleged fraud

in that Steve had falsely informed her that no medical insurance would be available for the minor child unless he was given custody and that as a result of such statement she relinquished custody. Lucille further alleged that subsequent to the entry of judgment of dissolution of the marriage she learned that Steve's statement regarding insurance coverage was false. After hearing on the section 72 petition the trial court found "that there was a misunderstanding of the facts between the petitioner and the respondent as to the issue of child custody and other related matters." The trial court ordered that the judgment of dissolution of marriage be set aside.

Steve filed a timely notice of appeal. Subsequently Lucille petitioned the trial court for attorney fees in the sum of $1,750 for prosecution of this appeal. She was granted an interim fee of $1,000. Further facts will be set forth as they become pertinent to the determination of the issues presented in this appeal.

The first issue to be considered is whether the trial court's finding that there was a "misunderstanding of the facts" between the parties will support a section 72 order setting aside a judgment of dissolution of marriage.

In addressing the issue it should be noted that Lucille in her section 72 petition alleged fraud in the procurement of the dissolution of marriage and the award of the minor child's custody to Steve. Further salient and pertinent facts to be noted are that Lucille and Steve over a period of several days discussed the terms of a separation agreement which they reduced to writing. They next met with Steve's attorney, Mr. Kasley. During the hearing on the section 72 petition, Lucille presented only her testimony. Steve's testimony was a denial that he made any statement to the effect that the minor child would be covered by his insurance only if he, Steve, the insured under an employer-sponsored medical insurance program, was granted custody of the child. It was Steve's testimony that he was advised by a public relations man of his employer that reimbursement payments from the insurance company would take longer if the dependent was in the custody of the nonemployee spouse. Attorney Kasley testified that there was no conversation about medical insurance for the minor child during the conference between the parties which was held in his office. He further testified that he on three occasions advised Lucille that she had the right to have counsel represent her or at least represent her to the extent of reviewing the proposed judgment and other documents. Lucille at all times expressed a desire to proceed without counsel.

With these additional facts we will again address the issue as to whether the trial court's action in granting relief to Lucille pursuant to her

section 72 petition was correct. A case strikingly similar to the instant one is *Held v. Held* (1979), 73 Ill. App. 3d 561, 392 N.E.2d 169. In *Held* the reviewing court recognized that amicable settlements between divorcing parties are favored and that the burden to prove fraud is particularly heavy when a party seeks to modify or vacate an agreement incorporated into a marriage dissolution judgment on the ground that the agreement was induced by fraud.

The case of *Held* also recognizes the requirements or elements necessary to establish fraud as were set forth in the case of *Roth v. Roth* (1970), 45 Ill. 2d 19, 256 N.E.2d 838. In *Held* it was stated:

"For a misrepresentation to constitute fraud, it must consist of a material false statement which is known to be false by the party making it, made to induce the other party to act in reliance on the truth of the statement, and actually acted upon by that other party." 73 Ill. App. 3d 561, 565, 392 N.E.2d 169, 172-73.

■■■ Lucille alleges that Steve told her that their minor child would not be covered by medical insurance unless he (Steve) had custody of the child and that she relied upon this statement and therefore agreed to relinquish custody of the child. If the above allegation had been proved, then such misrepresentation would constitute fraud; however, the record reveals that Lucille never proved the alleged misrepresentation by clear and convincing evidence. We will not again set forth a recitation of the testimony, but deem it suffice to say that Lucille's testimony supported the alleged misrepresentation but it was countered and specifically denied by both Steve and attorney Kasley. We note that the trial court ordered the judgment of dissolution of marriage be set aside but in the order doing so the court made only one finding, to-wit, "a misunderstanding of facts" between the parties. We cannot equate a "misunderstanding of facts" with a misrepresentation which constitutes fraud, since as stated in *Held* the party charged with fraud must knowingly make a false statement. The evidence in this case fails to establish the fact that Steve made the complained-of statement and further certainly does not establish that the same was made by Steve knowing it to be false. We have not, however, relied solely on the trial court's finding in determining whether or not fraud was committed by Steve, but have gone further and examined the record. Such examination reveals that Lucille, who had the burden of proving fraud, failed to sustain the burden by clear and convincing evidence. Fraud cannot be established by mere suspicion. (See *Held v. Held* (1979), 73 Ill. App. 3d 561, 392 N.E.2d 169.) The order of the trial court setting aside the judgment of dissolution of marriage in the instant case cannot be sustained.

■■ We are further confronted with the issue as to whether a trial court

may determine prospective attorney fees for conducting an appeal after appellate court jurisdiction has attached.

We are confronted with an issue which may well be determined by our supreme court in the not too distant future, since pending on appeal in that court is the case of *In re Marriage of Wright*, Docket No. 54686. In *In re Marriage of Wright* the appellate court (1st Dist., 2d Div.) held that the pertinent statute (Ill. Rev. Stat. 1979, ch. 40, par. 508(a)) which governs the award of attorney fees for appeal does not empower the trial court to make such awards after appellate jurisdiction has attached. (See *In re Marriage of Wright* (1980), 92 Ill. App. 3d 708, 415 N.E.2d 1196.) Even though the *In re Marriage of Wright* is on appeal, we will not presume that the issue now under consideration will be reached and determined, and therefore this court will address it.

We are aware of this court's decision in the case of *In re Sharp* (1978), 65 Ill. App. 3d 945, 950, 382 N.E.2d 1279, 1283, in which it was determined that there was no statutory authority for the prospective award of attorney fees for the prosecution or defense of an appeal.

The opinion in the case of *In re Sharp* was filed approximately three years ago and slightly over one year subsequent to the effective date of the Illinois Marriage and Dissolution of Marriage Act. Since the filing of the *Sharp* opinion this court has had the benefit of the views and reasoning of other courts of review and has consequently become disenchanted with that portion of the *Sharp* decision pertaining to the award of attorney fees for purposes of appeal. Permitting the filing of a notice of an appeal to serve as a bar to an award of attorney fees for the purpose of defending an appeal is fraught with danger and highly undesirable results. It can be envisioned that the denial of an award of attorney fees could be tantamount to the foreclosure of a party's right to defend an appeal. Even if such result was not so drastic, the defense of an appeal by an attorney who has no assurance as to the amount of compensation, if any, he will receive may well serve to dilute the amount of energy and enthusiasm that is expected of an attorney. Such an observation is not intended to reflect upon the character of the members of the legal profession, since the profession is noted for its representation of indigent litigants. Nevertheless, it is a well-known adage that a lawyer's time, education and service constitutes his stock in trade, and when the same is expended on behalf of a client he can rightfully expect to be compensated.

The record in the instant case discloses that Lucille was totally without funds to defend this appeal. It further reflects that a basis was established in the trial court for the award of fees. For the reasons stated, we believe that the trial court correctly relied on the case of *Giammerino*

*v. Giammerino* (1981), 94 Ill. App. 3d 1058, 419 N.E.2d 598, which held that the trial court after notice of appeal has been filed retains jurisdiction to award attorney fees for the defense of an appeal. In *Giammerino* the reviewing court concluded that the trial court retained jurisdiction to hear matters independent of and distinct from the issues involved in the appeal and hence could entertain matters that are purely collateral and supplemental to the appeal. In *Giammerino* the court held that the awarding of attorney fees falls in the "collateral matters" category since such action does not interfere with an impending appeal and is not dependent in any respect upon the outcome of the appeal.

For the reasons set forth the order of the Circuit Court of Tazewell County setting aside the judgment of dissolution of marriage is reversed; however, the trial court's order awarding attorney fees for purpose of defending this appeal is affirmed.

Reversed in part and affirmed in part.

STOUDER and HEIPLE, JJ., concur.