*In re* MARRIAGE OF ILA ALLCOCK, Petitioner-Appellee, and JOHN V. ALLCOCK, Respondent-Appellant.

Third District   Nos. 82—302, 82—150, 82—207 cons.

Opinion filed March 7, 1983.

Bradley W. Dunham, of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellant.

Donald K. Birner, of Pekin, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Petitioner Ila Allcock filed a motion for reconsideration of an order denying her request for attorney fees incurred in a pending appeal. Respondent John Allcock responded with a special appearance. After a hearing on the merits of these two pleadings, the circuit court of Tazewell County found it had jurisdiction and awarded the attorney fees.

An appeal from the principal cause in this action was taken by respondent in 1981. On December 21 of that year, the trial court heard evidence of his financial status. On February 10, 1982, the court heard evidence of petitioner's financial status and denied her request for attorney fees stemming from the pending appeal. An order to this effect was entered on March 2, 1982. On April 16, 1982, the court considered the verified itemization of services provided by petitioner's counsel and ordered respondent to pay him $250 in fees.

■■ ■ The first of three issues presented for our review is whether the trial court had jurisdiction to award attorney fees incurred in a pending appeal. This issue was addressed in *In re Marriage of Giammerino* (1981), 94 Ill. App. 3d 1058, 1060, 419 N.E.2d 598, 600:

"[T]o hold that the trial court is deprived of jurisdiction to award attorney's fees under the Act because a notice of appeal has been filed would be to apply a general principle to a specific situation where it is inapposite. The filing of a notice of appeal does not deprive the trial court of jurisdiction in all instances. There are many recognized exceptions to the general principle that the trial court loses jurisdiction upon the filing of a notice of appeal. [Citations.] Plainly, a trial court has jurisdiction to hear matters independent of and distinct from the issues involved in the appeal. The trial court may entertain matters that are purely collateral or supplemental to the appeal [citations], or which arise subsequent to entry of the judgment from which the appeal has been taken and which do not have the effect of interfering with review of the judgment. [Citations.]"

Citing *Giammerino*, the court in *In re Marriage of McBride* (1981), 102 Ill. App. 3d 84, 429 N.E.2d 867, reversed its earlier position (see *In re Sharp* (1978), 65 Ill. App. 3d 945, 950, 382 N.E.2d 1279, 1283) and explained:

> "Permitting the filing of a notice of an appeal to serve as a bar to an award of attorney fees for the purpose of defending an appeal is fraught with danger and highly undesirable results. It can be envisioned that the denial of an award of attorney fees could be tantamount to the foreclosure of a party's right to defend an appeal. Even if such result was not so drastic, the defense of an appeal by an attorney who has no assurance as to the amount of compensation, if any, he will receive may well serve to dilute the amount of energy and enthusiasm that is expected of an attorney. Such an observation is not intended to reflect upon the character of the members of the legal profession, since the profession is noted for its representation of indigent litigants. Nevertheless, it is a well-known adage that a lawyer's time, education and service constitutes his stock in trade, and when the same is expended on behalf of a client he can rightfully expect to be compensated." (*In re Marriage of McBride* (1981), 102 Ill. App. 3d 84, 87, 429 N.E.2d 867, 870.)

Relying, *inter alia*, on *Giammerino* and *McBride*, the court in *In re Marriage of Theeke* (1981), 105 Ill. App. 3d 119, 433 N.E.2d 1311, also reversed its earlier position and allowed fees for a pending appeal. While we agree with the holdings and rationales of these decisions and the trial court herein had jurisdiction to grant the fees in question, the courts of this State are not uniformly in accord. See, *e.g., In re Marriage of Pease* (1982), 106 Ill. App. 3d 617, 435 N.E.2d 1361; *Fox v. Fox* (1978), 56 Ill. App. 3d 446, 371 N.E.2d 1254.

■ The second issue is whether the trial court abused its discretion in allegedly considering improper evidence and failing to require other proper evidence before awarding attorney fees. This issue is raised as no evidence of the parties' financial conditions was presented at the hearing of the motion to reconsider, and the court considered the evidence previously submitted on the question. Several factors must here be considered. The hearing of April 16, 1982, provided a forum for argument on a point of law and submission of the itemized fees of petitioner's attorney. The original decision on the fee question had been rendered on February 10, 1982, when petitioner testified as to her financial status. Respondent's financial status had been presented to the court on December 21, 1981. No allegation of a change in respondent's financial circumstances was at any time made.

Finally, petitioner's attorney submitted an affidavit reflecting 20.75 hours of completed services, and petitioner's motion indicated total anticipated fees of $2,000; the court awarded her $250. While an additional hearing may be necessary in many situations to establish present financial circumstances (see, *e.g., In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273, 277, 411 N.E.2d 947, 950), we do not find the court abused its discretion in not ordering such a hearing under the circumstances herein.

■■ ■ The third issue presented for our review is whether the trial court erred in refusing to set and approve an appeal bond pursuant to Supreme Court Rule 305(a) (73 Ill. 2d R. 305(a)). Respondent argues that setting such a bond would frustrate the theory and rationale of *McBride* and, to a degree, this may be the case; however, that decision speaks of the situation "of an appeal by an attorney who has no assurance as to the amount of compensation, if any, he will receive" (*In re Marriage of McBride* (1981), 102 Ill. App. 3d 84, 87, 429 N.E.2d 867, 870). The setting of an appeal bond does not remove that assurance. More importantly, the setting of a bond is not discretionary. As was noted by the court in *People ex rel. Doty v. Dusher* (1962), 24 Ill. 2d 309, 311, 181 N.E.2d 166:

> "Whether the terms and amount of the appeal bond were to be fixed or not fixed was not within the discretion of the judge. The statute says that 'An appeal to the Appellate or Supreme Court operates as a supersedeas only if and when the appellant, after notice, gives and files a bond in a reasonable amount, to secure the adverse party. If the bond is given before the record is filed in the reviewing court, *the amount and terms thereof shall be fixed and the security approved by the trial judge ***.*' (Ill. Rev. Stat. 1961, chap. 110, par. 82.) (Emphasis supplied.) While *mandamus* will not lie to control the judicial action of a judge it will lie to compel an act concerning which he has no discretion. *People ex rel. Waber v. Wells*, 255 Ill. 450; *People ex rel. Methodist Deaconess Orphanage v. Leech*, 285 Ill. App. 19."

Similarly, it has been held that if a bond is filed within the time prescribed by statute, in proper amount and with proper sureties, "the duty of the *** court to approve the bond becomes ministerial in character" (*People ex rel. Methodist Deaconess Orphanage v. Leech* (1936), 285 Ill. App. 19, 22, 1 N.E.2d 546, *appeal denied*.) The trial court thus erred in refusing to set and approve an appeal bond herein, but it is an error which cannot be corrected by the procedure invoked by the respondent.

Accordingly, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

BARRY, P.J., and SCOTT, J., concur.