In re MARRIAGE OF DAVID H. McCARTNEY, Petitioner-Appellant, and NANCY A. McCARTNEY, Respondent-Appellee.

Third District   Nos. 82—354, 82—178 cons.

Opinion filed July 14, 1983.

Edward C. Moehle, of Moehle, Smith & Day, Ltd., of Pekin, for appellant.

Joseph R. Napoli and Arthur J. Inman, both of Peoria, for appellee.

JUSTICE BARRY delivered the opinion of the court:

David McCartney appeals from a property settlement order entered in the circuit court of Tazewell County following the dissolution of David's marriage to Nancy A. McCartney. David's main contentions upon appeal are that the property settlement was unreasonable, that his pension rights were not adequately valued, and that the attorney fees awarded to Nancy to defend this appeal are unreasonable.

At the time of the dissolution of their 10-year marriage, David was 32 years of age and Nancy was 39 years old. There were no children born of the marriage, and both parties were employed. David was in management at Caterpillar Tractor Company where he earned $32,000 per year in addition to fringe benefits, while Nancy was employed as a grade school secretary earning about $8,000 per year. Nancy had been a licensed beautician at one time but would need additional training to return to that profession. Nancy has two children by a previous marriage, both of whom lived with her throughout her marriage to David. When her first marriage terminated, Nancy received the marital home which she sold shortly before she married David. She received about $12,000 cash as her equity in that home. According to David's testimony, she deposited that $12,000 in their joint checking account after they were married, and $6,000 of the money was used as a down payment on a new home which Nancy and David owned jointly. Nancy testified that she also purchased carpeting and paid some of David's bills with her money. During the marriage, Nancy inherited $1,000 from her grandmother which was also used for marital expenses. In addition, Nancy brought to the marriage several rooms of furniture and some appliances.

During the marriage, Nancy and David have purchased a boat, a jeep, a motorcycle, and several other vehicles. At the time of the dissolution several items of personal property were security for loans from Caterpillar Credit Union. At the hearing, there was evidence that the marital home had an appraised value of $63,000 to $67,000 and a mortgage balance of $27,000. David also owned 253 shares of Caterpillar stock under an employee's stock purchase plan, and he had

vested pension rights which would entitle him to a pension of $440 per month at age 65. The only evidence of the value of the pension rights was introduced by Nancy and consisted of a letter from the pension system advising of his monthly pension upon retirement at age 65 and some life expectancy tables. David had been employed at Caterpillar for 13 years, 10 of which he was married to Nancy.

The trial court determined that Nancy's contribution to the down-payment of the marital home had been transmuted into marital property and that she was not entitled to a set-off for the $6,000 which she paid at the time the home was purchased. The court also found that David had made a substantial contribution to the value of the home in the form of his labor. The court found the equity of the home to be $39,000, awarded the home to Nancy, and provided that she shall be responsible for the mortgage payments. The court ruled that rights under the pension plan were marital property and that Nancy is entitled to 10/13 of the vested rights. Using the mortality tables, the court found that one-half of 10/13 would be worth about $20,000. The court then awarded all rights in the Caterpillar pension plan to David.

The furniture in the home was awarded to Nancy, along with a 1978 Mustang automobile. Nancy's daughter was awarded a 1969 Pontiac Firebird. The jeep, motorcycle, Odyssey, boat and parachute were all awarded to David. David was also awarded all the stock, and was required to pay the marital debts incurred by the parties other than the mortgage. In addition, David must pay Nancy $200 per month maintenance for 12 months.

After David filed his notice of appeal from the order of dissolution, Nancy filed a petition with the trial court requesting that David pay $5,000 as her attorney fees and costs to defend the appeal. After hearing evidence and arguments, the trial court ordered David to pay Nancy's counsel $3,500 for responding to the appeal. David's motion to modify or vacate the award of attorney fee was denied, and David filed a notice of appeal from that order as well as from the dissolution order.

■ David first contends that the trial court erred in calculating the value of Nancy's portion of his pension plan. Since the court awarded all rights in the pension plan to David, he argues that his award was over-valued and that the trial court did not accomplish a fair division of property in awarding Nancy David's one-half interest in the marital home and awarding David Nancy's interest in his pension plan. David has furnished this court with several compound interest and annuity tables which were not in evidence before the trial

court. He urges us to use those tables or others which he says "are readily available" to us for the purpose of ascertaining that the trial court erred in its calculation of the present value of Nancy's rights in the pension plan.

According to the record, the only evidence relating to the value of David's vested pension rights was introduced by Nancy. Thus, it is clear that David is attempting to benefit from his own failure to offer any evidence of value. Although there are several appellate decisions which have found that the evidence before the trial court was insufficient to support the value assigned by the court (*e.g., In re Marriage of Fairchild* (1982), 110 Ill. App. 3d 470, 442 N.E.2d 557), we believe that the instant case is not such a case and should not be remanded. David had ample opportunity to present to the trial court other evidence including the tables and other actuarial data which he asks this court to consider. For us to rule that the trial court erred would be to place the responsibility for gathering evidence in effect upon the trial judge, rather than the parties. In a similar case, *In re Marriage of Smith* (1983), 114 Ill. App. 3d 47, 54, 448 N.E.2d 545, 550, where the husband argued that the trial court lacked information about the present value of his pension, the reviewing court stated, "This argument is untenable, however, because it is not the trial court's obligation to obtain the value of the pension rights. Rather, the trial court must value the pension rights based upon the evidence presented by the parties." The reviewing court noted that the husband was not asking that the decision be postponed until the pension rights were vested, as has been suggested in some cases involving nonvested pension rights. (*E.g., In re Marriage of Wisniewski* (1982), 107 Ill. App. 3d 711, 437 N.E.2d 1300.) The court in *Smith* discussed the frequency with which marriage dissolution appeals seek additional hearings as to value, and made the following statement with which we wholeheartedly agree:

"We here opine that this case presents a situation which this court sees all too often in dissolution cases. Despite the fact that numerous hearings regarding the division of property were held and that only a limited amount of property was involved, neither party presented the trial court with solid evidence of the properties' value so that the court could make the fairest possible division of the parties' assets. We again emphasize that it is the parties' obligation to present the court with sufficient evidence of the value of the property. Reviewing courts cannot continue to reverse and remand dissolution cases where the parties have had an adequate opportunity to introduce evidence

but have failed to do so. Parties should not be allowed to benefit on review from their failure to introduce evidence at trial. (*In re Marriage of Miller* (1983), 112 Ill. App. 3d 203, 208, 445 N.E.2d 811, 816; see *In re Marriage of Melton* (1981), 93 Ill. App. 3d 338, 341, 417 N.E.2d 220, 223.) Remanding cases such as the one before us would only protract the litigation and clog the trial courts with issues which should have been disposed of at the initial hearing." 114 Ill. App. 3d 47, 54-55, 448 N.E.2d 545, 550.

David argues that under the decision of the Illinois Supreme Court in *Evans v. Evans* (1981), 85 Ill. 2d 523, 426 N.E.2d 854, we should reverse the award of the trial court and declare the pension plan not to be marital property. In *Evans*, the court affirmed the decisions of the circuit court not to include the unvested pension rights as marital property in the absence of any evidence of value. Unlike *Evans*, the pension rights in this case are vested, and the trial court received explicit evidence of value of those rights. The result in *Evans* would not be appropriate here, where the trial court has placed a value upon the pension rights.

■ Finally, as to the pension issue, after reviewing the record, we cannot say that the trial court abused its discretion in its valuation of the pension plan or in its division of the property between the two parties based upon that valuation.

David next disputes the division of the personal property, claiming that the value of the property as awarded is less than the debts of $15,800 he is required to pay. In the first place, we are aware of no requirement that the value of the property must exceed the debt assigned to any one party.

Secondly, the testimony as to the value of the vehicles was contradictory. David calculates the total value of the vehicles awarded to him as being $7,600, but there was testimony which indicated that their value was closer to $12,000. David buttresses his assertion of a grossly disproportionate division of property by reducing the value of Nancy's share of the pension plan to $2,000 and by assigning values to debts that do not appear in the record. In his original brief, David summarized the awards to indicate that he received an award of negative value, but in his reply brief David admits that he improperly included attorney fees and the maintenance award in his list of assets awarded to Nancy.

We have carefully reviewed the record, and we cannot say that the trial court abused its discretion in apportioning the marital property between the two parties. We believe the awards are equitable, if

not precisely equal, and that the trial court considered all the relevant statutory factors, including the amounts and sources of income of each spouse, vocational skills and employability, and the reasonable opportunity for each spouse for future acquisition of assets and income. (See *In re Marriage of Thornton* (1980), 89 Ill. App. 3d 1078, 412 N.E.2d 1336.) We therefore affirm the distribution of property.

■ The final contention by David is that the award of $3,500 to Nancy for attorney fees to defend this appeal was excessive, unreasonable, arbitrary and capricious. David cites another case decided by this court, *In re Marriage of McBride* (1982), 102 Ill. App. 3d 84, 429 N.E.2d 867, where an award of $1,000 prospective attorney fees was affirmed, and argues that the award in the present case was unreasonable by comparison.

Although some courts have held to the contrary (*e.g., In re Marriage of Pease* (1982), 106 Ill. App. 3d 617, 435 N.E.2d 1361), this court has held that in marriage dissolution proceedings, the trial court has jurisdiction to grant prospective attorney fees to defend a pending appeal. (*In re Marriage of Allcock* (1983), 113 Ill. App. 3d 121, 446 N.E.2d 871.) As was indicated in *In re Marriage of McBride* (1981), 102 Ill. App. 3d 84, 87, 429 N.E.2d 867, 870, "It can be envisioned that the denial of award of attorney fees could be tantamount to the foreclosure of a party's right to defend an appeal." In the interest of justice, we believe both parties should have access to the appellate court and that an appellee should be awarded reasonable attorney fees when the trial court does not abuse its discretion in deeming it necessary to assure a defense. As to whether the particular award in this case is reasonable and supported by the evidence, we note that the record on appeal does not include the hearing at which evidence on the question of attorney fees was presented. It has long been the rule that where all the evidence is not preserved in the record, it will be presumed that the evidence was sufficient. (*Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242 N.E.2d 237; *Aetna Life Insurance Co. v. Strickland* (1975), 33 Ill. App. 3d 52, 337 N.E.2d 285.) Here none of the evidence has been preserved for appellate review, and we therefore find that David has not demonstrated that the award of $3,500 in attorney fees to Nancy was error.

For the reasons stated, we affirm the judgment of the trial court.

Affirmed.

HEIPLE and SCOTT, JJ., concur.