*In re* MARRIAGE OF JAMES V. MAGNUSON, Petitioner and Counterrespondent-Appellant, and MARY ELIZABETH GOODELL MAGNUSON, Respondent and Counterpetitioner-Appellee.

Third District No. 3—84—0073

Opinion filed October 2, 1984.

Rolfe F. Ehrmann, of Ehrmann & Gehlbach, of Dixon, for appellant.

James L. Reese, of Blodgett, Reese, Merritt & Albert, of Rock Falls, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The petitioner-appellant, James V. Magnuson (hereafter the husband), appeals from an order of the circuit court of Whiteside County awarding prospective attorney fees to the respondent-appellee, Mary Elizabeth Goodell Magnuson (hereafter the wife). The husband raises two issues on appeal. First, he argues that the circuit court was without jurisdiction to award attorney fees, because appellate court jurisdiction had previously attached. Second, the husband contends that, even if the circuit court retained jurisdiction, its award of $2,000 was an abuse of discretion. We affirm.

On December 7, 1983, the wife filed in the circuit court an amended petition for prospective attorney fees. The petition requested payment of fees to be incurred in defense of an appeal taken by the husband in the principal cause. On January 3, 1984, a hearing was scheduled on the wife's petition. The husband entered a special appearance contesting subject matter jurisdiction. The court ruled that it had jurisdiction to award prospective attorney fees, and after a hearing on the merits, awarded such fees to the wife in the requested amount of $2,000.

■ The first issue presented by the husband for our review is whether the trial court retained jurisdiction to award attorney fees incurred in a pending appeal. We have previously spoken to this issue, holding that a trial court, after notice of appeal has been filed, retains jurisdiction to award attorney fees for the defense of an appeal. (*In re Marriage of McBride* (1981), 102 Ill. App. 3d 84, 429 N.E.2d 867.)

The trial court may entertain matters that are purely collateral or supplemental to the appeal, and the award of attorney fees is such a collateral matter. *In re Marriage of Giammerino* (1981), 94 Ill. App. 3d 1058, 419 N.E.2d 598.

The rationale behind retention of jurisdiction by the circuit court was explained in *McBride*:

> "Permitting the filing of a notice of an appeal to serve as a bar to an award of attorney fees for the purpose of defending an appeal is fraught with danger and highly undesirable results. It can be envisioned that the denial of an award of attorney fees could be tantamount to the foreclosure of a party's right to defend an appeal." (*In re Marriage of McBride* (1981), 102 Ill. App. 3d 84, 87, 429 N.E.2d 867, 870.)

We recognize, as the husband points out, that the courts of this State are not in accord on this issue (see *In re Marriage of Pease* (1982), 106 Ill. App. 3d 617, 435 N.E.2d 1361), but we find nothing in the husband's argument which would persuade us to adopt a position contrary to that enunciated in *McBride*.

■ The husband next argues that the circuit court abused its discretion in awarding attorney fees in the amount of $2,000. He argues that because the record fails to reflect a basis upon which prospective attorney fees could be awarded, the circuit court's award of $2,000 was speculative and unsubstantiated. Quite to the contrary, we find ample basis in the record for the court's determination.

A full evidentiary hearing was held at which both parties were given the opportunity to present evidence of their respective financial statuses. The wife submitted an affidavit which showed her expenses to be greater than her income. The wife testified that she had custody of the couple's two minor children, and that she worked two part-time jobs in order to make ends meet. She testified that her yearly income was less than half of what her husband made. Finally, the wife testified that she owned no real estate, but that her husband owned two houses and an interest in some apartments.

The wife's attorney testified that the appeal would require, at an absolute minimum, 30 hours of his time and that he charged $75 per hour. Thus, his services would cost somewhat more than the $2,000 requested by the wife.

The husband did not personally appear, and consequently, did not testify as to his financial status. The husband's attorney requested that the court take notice of the husband's testimony and affidavit submitted in the principal cause. The court denied counsel's request, noting that the cause began some 18 months earlier, and the hus-

band's income and expenses had changed during that period. Further, the court noted that the husband had notice of the hearing and could have appeared had he wanted to present evidence of financial status.

After hearing all the evidence, the court found that $2,000 was a reasonable amount, representing the minimum amount necessary to adequately defend the appeal. Further, the court stated that without the award, the wife would likely be unable to adequately defend the appeal.

On the basis of the foregoing, we cannot say that the trial court abused its discretion. Accordingly, the judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

SCOTT and HEIPLE, JJ., concur.