Docket No. 95878–Agenda 33–September 2003.

In re
 MARRIAGE OF ALICE KING and SAMUEL KING, Appellee (Kenneth Swiatek 
et al.
, Appellants).

Opinion filed December 18, 2003.

JUSTICE GARMAN delivered the opinion of the court:

In September 2000, the home of Samuel King was sold by the sheriff of Cook County in an execution sale and a deed was issued to the purchasers in 2001. The circuit court subsequently vacated the sale and the purchasers appealed. The appellate court affirmed, finding that the order on which the lien on the real estate was based was not a final order. We granted the purchasers’ petition for leave to appeal. 177 Ill. 2d R. 315(a).

I. BACKGROUND

In 1997, Alice King petitioned for the dissolution of her marriage to Samuel King. The Muller Law Firm represented Samuel. In March 1998, Muller sought to withdraw as counsel. That motion was granted in July 1998 and Samuel acted 
pro se
 thereafter. Muller filed a petition for fees against Samuel. On January 5, 1999, the dissolution action came before the circuit court for final hearing. Although the record does not contain any transcript of that hearing, the court entered two orders. One order disposed of all remaining issues in the Kings’ dissolution proceeding and denied Alice’s petition for contribution to her attorney fees. No finding was made as to contribution on behalf of Samuel. In a separate order entered following a hearing on Muller’s petition for fees, the court awarded Muller a judgment against Samuel in the amount of $4,380. The court made a finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) and specified that the amount of the judgment “shall be paid directly to the Muller firm, Ltd. from one of Mr. King’s bank accounts currently restrained.” The final judgment of dissolution of marriage was entered on February 5, 1999. That judgment awarded the marital home in Chicago to Samuel. The judgment also denied the requests of Samuel and Alice for contribution from the other for attorney fees. The judgment further contained the following provision: “The Court entered a Judgment against Samuel King and in favor of The Muller Firm on January 5, 1999 in the amount of 
$4700.00
 $4380.00. Said sum shall be paid 
out of the accounts listed in Section 2.2(a)
, out of Samuel King’s assets.” Section 2.2(a) of the February 5, 1999, judgment listed the assets awarded to Samuel, which included two bank accounts. The record shows that counsel for Alice informed the court on that date that Samuel had advised counsel of his withdrawal of funds from the accounts. As a result, the court ordered the balances on all of Samuel’s accounts to be paid over to Alice.

Muller began proceedings to collect on its judgment. On February 9, 1999, Muller filed citations to discover assets directed to three different banks. The citations were based upon the January 5, 1999, judgment for attorney fees. It appears that Muller received partial satisfaction of its judgment through these efforts. In March 1999, Muller filed a citation to discover assets against Samuel, indicating that $1,620.32 plus costs of $195 remained unsatisfied. Muller filed a memorandum of judgment with the county recorder’s office based upon the January 5, 1999, judgment for attorney fees. On April 13, 2000, the county sheriff issued a levy on Samuel’s residential real estate. The property had been previously appraised at $80,000. A sale of the property was conducted on September 7, 2000. Muller placed the highest bid at $25,000. Appellant Kenneth Swiatek placed the next highest bid at $23,300. The sheriff accepted Swiatek’s bid and a certificate of sale was issued on September 15, 2000, to Swiatek and Jim Finnegan. The certificate was assigned on December 7, 2000, to Swiatek, Finnegan, and Francisco Javier Iniguez, who are the appellants in this case (referred to hereafter, collectively, as Swiatek). On March 9, 2001, a sheriff’s deed was issued to the purchasers following expiration of the statutory redemption period.

Samuel retained an attorney, who filed a petition to vacate the sale. The trial court denied that petition. On September 19, 2001, Samuel was adjudicated a disabled adult and appellee, Patrick T. Murphy, Cook County public guardian (guardian), was appointed temporary guardian of Samuel’s estate and person. The guardian filed a motion for reconsideration of Samuel’s petition to vacate the sale. That motion alleged that Samuel suffered from various physical and mental infirmities that rendered him incapable of understanding the nature, significance, or legal effect of the proceedings for the execution sale of his home. The motion also identified several alleged irregularities in the sale, including that (1) the January 5, 1999, attorney fees order, pursuant to which the sale was made, limited collection of the judgment to certain of Samuel’s accounts and did not authorize a levy on real estate; (2) the notice of the sale was not posted in three public places as required by section 12–115 of the Code of Civil Procedure (Code) (735 ILCS 5/12–115 (West 2000)); (3) the report of commissioners was not signed under oath pursuant to sections 12–910 and 12–911 of the Code (735 ILCS 5/12–910, 12–911 (West 2000)); (4) the certificate of sale was not sold to the highest bidder; (5) the sale was not approved by the court pursuant to section 12–144.5 of the Code (735 ILCS 5/12–144.5 (West 2000)); (6) Samuel was not served with the levy; (7) the levy reflects inconsistent dates; and (8) there are two inconsistent receipts of sale, both of which are unsigned and undated and do not include the bid amount or the resulting surplus to which Samuel would be entitled. Following arguments of counsel, the trial court entered an order granting the motion for reconsideration. The court subsequently denied Swiatek’s motion for reconsideration of that order. The appellate court affirmed the trial court, holding that the January 5, 1999, attorney fee order was interlocutory in nature and not final or appealable until the judgment of dissolution of marriage was entered. The court noted that the trial court made specific reference to the January 5 order in the February 5, 1999, dissolution judgment and it modified the former order by deleting the restriction on collecting the attorney fee award from Samuel’s restrained bank accounts and allowing collection from any of Samuel’s assets. Thus, according to the appellate court, the February 5, 1999, judgment superceded the January 5, 1999, order. The appellate court noted that the lien on Samuel’s real estate had been recorded based upon the January 5, 1999, order. It concluded that a valid lien was not created. 336 Ill. App. 3d 83, 90-91.

II. ANALYSIS

A. Motion to Strike Portions of the Guardian’s Brief

Prior to addressing the merits of this appeal, we consider Swiatek’s motion, ordered taken with the case, seeking to strike portions of the guardian’s brief for violation of Supreme Court Rule 341 (188 Ill. 2d R. 341). Swiatek first argues that the guardian’s brief violates Rule 341(a) (188 Ill. 2d R. 341(a)), which states that footnotes, if any, shall be used sparingly. Swiatek contends that the guardian’s brief contains 40 footnotes, most of which contain argument that should be properly incorporated into the brief. A review of the footnotes shows that many of them do in fact contain argument and citation of authority. This material properly belongs in the body of the guardian’s brief. The inclusion of 40 footnotes, particularly where many of them contain argument and citation of authority, is a serious violation of Rule 341(a). Accordingly, we grant this portion of Swiatek’s motion and strike the footnotes from the guardian’s brief.

Swiatek next argues that the “Introduction” section of the guardian’s brief violates Rule 341(e)(2) (188 Ill. 2d R. 341(e)(2)), which requires the inclusion of an introductory paragraph stating (1) the nature of the action and of the judgment appealed from, (2) whether the judgment is based on a jury verdict, and (3) whether any question is raised on the pleadings. Swiatek notes that the guardian’s introduction consists of a page and a half of material, much of which is argumentative. Although we agree that this section of the guardian’s brief goes beyond the “introductory paragraph” envisioned by Rule 341(e)(2), we do not find this violation to be so serious as to warrant striking this section of the brief. We, therefore, deny this portion of Swiatek’s motion to strike.

Next, Swiatek seeks to strike the portion of the guardian’s brief that sets forth the issues presented for review in this appeal as a violation of Rule 341(e)(3) (188 Ill. 2d R. 341(e)(3)). The rule contemplates that issues will be stated concisely and without citation of authority. The rule gives examples of appropriate statements of an issue. The guardian’s brief contains two numbered issues. However, within the first issue, he identifies seven separate issues regarding alleged irregularities in the sale of Samuel’s home. We do not find this violation to be so serious as to warrant the striking of the statement of issues and we deny this portion of Swiatek’s motion.

Swiatek also argues that the guardian has violated Rule 341(e)(6) (188 Ill. 2d R. 341(e)(6)), which requires the statement of facts to contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment. Swiatek contends that the guardian has included in his statement of facts matters not necessary for the disposition of this appeal, namely, the 2001 proceeding in which Samuel was declared a disabled adult. However, we note that the parties disagreed in the appellate court as to the grounds upon which the trial court rested its decision granting the guardian’s motion for reconsideration. The guardian’s inclusion of the disputed matters in his statement of facts comports with his view of the proceedings in the trial court. To the extent that the statement of facts contains any irrelevant matters, we have disregarded them. We, therefore, deny this portion of Swiatek’s motion to strike.

We now address the merits of this appeal.

B. Standard of Review

Resolution of this case turns on interpretation of section 508(c) of the Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/508(c) (West 2000)). The cardinal rule of statutory construction is that the court must ascertain and give effect to the intent of the legislature.
 Paris v. Feder
, 179 Ill. 2d 173, 177 (1997). When construing a statute, the court should look first to the language of the statute, giving the terms their plain and ordinary meaning. 
Paris
, 179 Ill. 2d at 177. Where the language is clear and unambiguous, we must apply the statute without resort to further aids of statutory construction.
 Davis v. Toshiba Machine Co., America
, 186 Ill. 2d 181, 184-85 (1999). If the statutory language is ambiguous, however, we may look to other sources to ascertain the legislature’s intent. 
People v. Ross
, 168 Ill. 2d 347, 352 (1995). The construction of a statute is a question of law that is reviewed 
de novo
.

C. Finality of the January 5, 1999, Order

Swiatek argues that the appellate court erred in holding that the January 5, 1999, order was not a final order and that it would not, therefore, support a lien on Samuel’s real estate. Swiatek relies on section 508(c) of the Act, which was substantially amended in 1997. In particular, he relies on language in section 508(c)(2) that a petition for setting final attorney fees constitutes a “distinct cause of action.” 750 ILCS 5/508(c)(2) (West 2000).

The amendments to section 508(c) must be understood in the context in which they were made. Prior to those amendments, contribution of one spouse to the other spouse’s attorney fees and determination of a client’s liability to his or her own attorney for fees were decided at the same hearing. Section 508(a) provided in pertinent part:

“The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order any party to pay a reasonable amount for his own costs and attorney’s fees and for the costs and attorney’s fees necessarily incurred *** [by the opposing party].” 750 ILCS 5/508(a) (West 1996).

Section 508(a) now provides that “[a]t the conclusion of the case, contribution to attorney’s fees and costs may be awarded from the opposing party in accordance with subsection (j) of Section 503. Fees and costs may be awarded to counsel from a former client in accordance with subsection (c) of [section 508].” 750 ILCS 5/508(a) (West 2000).

Pursuant to section 503(j) of the Act, the question of contribution to attorney fees is to be determined only after proofs have closed on all other issues between the parties and before judgment is entered. 750 ILCS 5/503(j) (West 2000). Prior to obtaining a judgment for fees under section 508(c), judgment in any contribution hearing on behalf of the client must have been entered or the right to a contribution hearing waived and counsel must have withdrawn as counsel of record. 750 ILCS 5/508(c)(2)(iii), (c)(2)(iv) (West 2000). An attorney fee proceeding under section 508(c) is initiated by filing a “Petition for Setting Final Fees and Costs.” That section further states:

“Irrespective of a Petition for Setting Final Fees and Costs being heard in conjunction with an original proceeding under this Act, the relief requested under a Petition for Setting Final Fees and Costs constitutes a distinct cause of action. A pending but undetermined Petition for Setting Final Fees and Costs shall not affect appealability of any judgment or other adjudication in the original proceeding.” 750 ILCS 5/508(c)(2) (West 2000).

In 1983, this court held that a dissolution judgment was not final and appealable unless all issues had been determined. In 
In re Marriage of Leopando
, 96 Ill. 2d 114 (1983), we considered whether a custody order was appealable where other issues in the dissolution action had been reserved. We stated that a petition for dissolution of marriage advances a single claim and questions regarding custody, property division, and support are ancillary to the cause of action. Until all of the issues are resolved, the petition for dissolution is not fully adjudicated and no appeal may be taken. 
Leopando
, 96 Ill. 2d at 119.

In 
In re Marriage of Derning
, 117 Ill. App. 3d 620 (1983), the trial court had entered a dissolution judgment that resolved all issues except apportionment of liability between the parties for attorney fees, which the court indicated would be determined at a later time. Respondent appealed that judgment and petitioner moved to dismiss the appeal for lack of jurisdiction. Citing 
Leopando
, the appellate court held that the question of liability for attorney fees was integral to the judgment dissolving the parties’ marriage and that the judgment was not final until that liability was finally determined. 
Derning
, 117 Ill. App. 3d at 627. In 
In re Marriage of Kerman
, 253 Ill. App. 3d 492 (1993), however, the trial court had apportioned liability for attorney fees prior to entry of the judgment of dissolution of marriage. Subsequent thereto, the trial court permitted respondent’s counsel to withdraw and to file a petition for fees against respondent. The appellate court held that the pendency of counsel’s petition did not render respondent’s appeal of the judgment of dissolution premature. As liability for fees had previously been apportioned between the parties, the determination of the reasonableness of the fees charged to respondent by his own counsel did not affect the issues resolved by the judgment of dissolution. 
Kerman
, 253 Ill. App. 3d at 495-96. The 1997 amendments to section 508(c) codified this holding. See 
Kaufman, Litwin & Feinstein v. Edgar
, 301 Ill. App. 3d 826, 833 (1998).

Swiatek argues that the 1997 amendments conferred finality on judgments for attorney fees entered pursuant to section 508(c), so that such judgments are themselves final orders that are then enforceable against the client, independent of and prior to entry of a final judgment of dissolution of marriage. He relies on the fact that section 508(c) states that a petition for setting final fees constitutes a “distinct cause of action.” However, in ascertaining the meaning of a statute, a court should not read language in isolation, but must consider it in the context of the entire statute. 
People v. Trainor
, 196 Ill. 2d 318, 332 (2001). Accordingly, the phrase “distinct cause of action” must be read together with the sentence immediately following, which states that a pending, but undetermined, petition for fees shall not affect the appealability of any judgment or other adjudication in the dissolution proceeding. By use of this language, section 508(c) contemplates that a petition for setting final fees may still be pending at the time a final judgment of dissolution of marriage is entered. In fact, the section recognizes that in some cases, a petition for fees will not even be filed until after a judgment of dissolution has been entered. Section 508(c)(5) provides that a petition, or a praecipe for fee hearing without the petition, must be filed no later than the expiration of the period in which it is permissible to file a postjudgment motion under section 2–1203 of the Code (735 ILCS 5/2–1203 (West 2000)). 750 ILCS 5/508(c)(5) (West 2000). Accordingly, given the separation of final fee petitions from other issues in the dissolution proceeding under the new procedures, there is no reason to defer finality and appealability of dissolution judgments until fee petitions are resolved. In such cases, the concerns we expressed in 
Leopando
 about the appealability of orders on interrelated issues in a dissolution case do not apply. It is in this context that the phrase “distinct cause of action” in section 508(c)(2) must be understood. The use of that phrase is simply a recognition that the issue of fees owed by a client to his or her attorney  is not interrelated with other issues, such as child support, property division, and maintenance. As such, once these other interrelated issues are finally determined, the judgment of dissolution is final and appealable, despite the continued pendency of the issue of attorney fees under section 508(c). Conversely, the amendments do not address the finality of attorney fee awards made prior to the entry of the judgment of dissolution of marriage. In this connection, we note that the trial court here made a Rule 304(a) finding that there was no just reason to delay enforcement or appeal of the January 5, 1999, order. However, a prerequisite for such a finding is that the judgment must be a “final judgment.” 155 Ill. 2d R. 304(a). Inclusion of Rule 304(a) language does not convert a nonfinal order into a final order for purposes of enforcement or appeal. See 
People ex rel. Block v. Darm
, 267 Ill. App. 3d 354, 356 (1994); 
Coryell v. Village of La Grange
, 245 Ill. App. 3d 1, 5 (1993).

A further reason for holding that the January 5, 1999, order was not a final order relates to the trial court’s ability to reconsider the judgment of dissolution of marriage. Under section 2–1203 of the Code (735 ILCS 5/2–1203 (West 2000)), any party in a nonjury case may, within 30 days after entry of the judgment, file a postjudgment motion. A timely filed motion stays enforcement of the judgment under this section. Suppose, for example, that the trial court denies contribution on behalf of a client spouse in a contribution hearing. The client’s previously withdrawn attorney then files a petition for final fees and obtains an award of fees under section 508(c). A judgment of dissolution is subsequently entered and the client’s current attorney files a postjudgment motion and one of the issues is the court’s denial of contribution. If the court reconsiders that denial and enters an order allowing some contribution to the client’s attorney fees from the other spouse, the court must then modify the order awarding attorney fees to withdrawn counsel to reflect the contribution from the client’s spouse to the client’s attorney fees and the client’s reduced liability for fees to the attorney. It is the order on reconsideration that then becomes the final and appealable order. 155 Ill. 2d R. 303(a)(1). Such a scenario illustrates the potential difficulties in viewing an attorney fee award entered pursuant to section 508(c) as a final, appealable, and enforceable order prior to entry of a final judgment of dissolution of marriage.

We also note that orders entered during the course of a dissolution proceeding are expressly modifiable before final judgment and such orders terminate when final judgment is entered. 750 ILCS 5/501(d) (West 2000). Although section 501 of the Act refers to orders for temporary relief, the instant case illustrates the need for a trial court to maintain the ability to modify any prior orders entered during the course of dissolution proceedings. The January 5, 1999, order awarding the Muller firm attorney fees from Samuel provided that the fees were to be paid within 14 days out of certain bank accounts belonging to Samuel that the court had previously restrained. However, the record indicates that the trial court was advised on February 5, 1999, by counsel for Alice that Samuel had withdrawn funds from those accounts. On that date, the trial court entered an order for the turnover of funds in those accounts to Alice. When the court entered the final judgment of dissolution of marriage on February 5, 1999, it modified the terms of the January 5, 1999, order by providing that the amount of attorney fees awarded to Muller “shall be paid out of Samuel King’s assets.” We interpret that modification as a recognition by the trial court that the funds out of which it had previously ordered the attorney fees paid may not be available and that the judgment should be paid out of any of Samuel’s assets. Swiatek argues in his reply brief that the provision in the January 5, 1999, order directing that the attorney fee award be paid out of certain of Samuel’s bank accounts was void and unenforceable as a restriction on collection of the judgment. The appellate court did not address this argument. We find that Swiatek has waived this argument, as he failed to raise it in his initial brief. Arguments not made in that brief are waived and may not be raised in the reply brief. 188 Ill. 2d R. 341(e)(7).

Swiatek argues that the trial court merely recited the January 5, 1999, order in its February 5, 1999, judgment of dissolution, much as it might recite other orders previously entered in the case and that this fact did not constitute a modification or reentry of the order. This argument overlooks the language used by the court in ordering that the attorney fee award “shall be paid” out of Samuel’s assets. This language demonstrates the trial court’s intent to make a substantive modification of the January 5, 1999, order. Thus, since the January 5, 1999, order was modified by the February 5, 1999, judgment of dissolution, it is the latter judgment that constituted the final judgment as to the attorney fees owed by Samuel to the Muller firm.

It is undisputed here that the judgment relied on by the sheriff in the execution sale of Samuel’s real estate was the January 5, 1999, order. Pursuant to section 12–101 of the Code, a lien on real estate is created when a “transcript, certified copy or memorandum of the judgment” is filed in the office of the county recorder where the real estate is located. 735 ILCS 5/12–101 (West 2000). To create a valid lien on real estate, a judgment must be final, valid, and for a definite amount of money. See 
Dunn v. Thompson
, 174 Ill. App. 3d 944, 947 (1988). Here, the final judgment was the February 5, 1999, judgment of dissolution of marriage. Thus, the memorandum of judgment filed in this case, which was based upon the January 5, 1999, order did not create a valid lien on Samuel’s real estate. The trial court did not err in granting the guardian’s motion to reconsider and vacating the sheriff’s sale of Samuel’s home.

III. CONCLUSION

Because we find that the January 5, 1999, order was not a final order, we hold that no valid lien on Samuel’s home existed and the trial court did not err in vacating the sheriff’s sale. In light of our disposition, we need not address the other issues raised by the parties.

We, therefore, affirm the judgment of the appellate court.

Affirmed.

JUSTICE KILBRIDE, dissenting:

The majority concludes that a judgment awarding attorney fees to withdrawing counsel that is entered prior to a judgment of dissolution cannot be a final order because the court retains the power to modify it until the dissolution is finalized. This conclusion is based on a faulty construction of the plain language of section 508(c) of the statute. Therefore, I must respectfully dissent.

The majority concludes that use of the phrase “a distinct cause of action” appearing in section 508(c) does not confer finality on judgments for attorney fees pursuant to petitions filed under that section. Instead, the majority reasons that the phrase merely contemplates that a fee petition may still be pending at the time a final judgment of dissolution is entered and that the appealability of that order is not affected by an unresolved and unrelated fee dispute between attorney and client. Slip op. at 7-8. However, section 508 relates to three distinct types of fee issues: (1) interim attorney fees and costs under section 501(c–1) (750 ILCS 5/501(c–1) (West 2000)); (2) contribution of parties to attorney fees and costs under section 503(j) (750 ILCS 5/503(j) (West 2000)); and (3) the resolution of fee issues between a client and withdrawing counsel under section 508(c) (750 ILCS 5/508(c) (West 2000)). 750 ILCS 5/508(a) (West 2000). The majority’s analysis is entirely appropriate as to orders entered in the first two categories, but not the third.

 The judgment in question in this case was entered as the result of a 
final 
hearing for the assessment of a withdrawing attorney’s fees and costs held pursuant to section 508(c). That hearing is allowed only after the attorney has been granted leave to withdraw as counsel of record (750 ILCS 5/508(c)(1) (West 2000)) and then only after five conditions precedent are met. These are: (1) a written engagement agreement; (2) the filing of an affidavit of counsel with a copy of the agreement attached; (3) entry of judgment in a contribution hearing on behalf of the client or waiver of the right to contribution; (4) counsel’s withdrawal of record; and (5) a request in the petition to resolve all remaining claims for fees and services between the counsel and client. 750 ILCS 5/508(c)(2) (West 2000).

Once these conditions precedent are satisfied, no issues remain between the client and withdrawing counsel affecting the ultimate resolution of the dissolution proceeding. The court is then able to deal with the limited issue of the amount of fees and costs to be awarded to the attorney.

The majority notes that the trial court did not adjudicate any claim of Samuel King for contribution. Slip op. at 1. Thus, it must be assumed that no such claim was made. It would further appear that all of the conditions precedent under section 508(c)(2) were met and that there was no impediment to a final hearing. The fact that the legislature has characterized these proceedings as “final hearings” means that it intended a final resolution of all issues within the scope of the proceedings, including the entry of a final judgment awarding fees and costs.

The record discloses that the Muller law firm’s petition for leave to withdraw as counsel was granted on July 31, 1998. At that time, Muller was granted leave to file a petition for fees. The hearing on the fee petition was not held until more than five months later, on January 5, 1999. These dates are significant because section 508(e)(1) expressly provides that a former counsel may pursue an award and judgment against a former client for legal fees and costs in an independent proceeding at any time subsequent to 90 days after the entry of an order granting counsel leave to withdraw, even during the pendency of the dissolution action. 750 ILCS 5/508(e)(1) (West 2000).

Simply stated, it defies logic that the legislature would allow an independent lawsuit for fees against a former client when the dissolution action is pending, while maintaining that judgments entered in final hearings authorized by the Act to be held within the dissolution action cannot be final. Once the statutory conditions precedent are met and the attorney and former client are at arm’s length, there should be no impediment to a final judgment on the only issue in controversy between them–the award of fees and costs.

Here, the majority disposes of this case based on its incorrect conclusion that the Muller fee judgment was not final. In reaching that conclusion, the majority does not address the other issues raised by the parties, including the effect of the language in the January 5, 1999, judgment restricting enforcement to certain described bank accounts belonging to Samuel King and the propriety of the procedures used in conducting the judicial sale. Resolving those other issues may well produce the same result, but without the logical inconsistency created by the majority’s final order analysis. Accordingly, I respectfully dissent.