# Illinois Official Reports

## Appellate Court

---

### *In re Marriage of Kane*, 2018 IL App (2d) 180195

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF GREGORY PHILLIP KANE, Petitioner-Appellee, and HEATHER ANN KANE, Respondent (Michael D. Canulli, Appellant). |
| District & No. | Second District<br>Docket No. 2-18-0195 |
| Filed | October 31, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 14-D-1199; the Hon. Linda E. Davenport, Judge, presiding. |
| Judgment | Discovery order reversed.<br>Contempt order vacated. |
| Counsel on Appeal | Michael D. Canulli, of Naperville, appellant *pro se*.<br><br>Natalie M. Stec, of Wolfe & Stec, Ltd., of Woodridge, for appellee.<br><br>Michael G. DiDomenico, of Lake Toback DiDomenico, and Paul L. Feinstein, of Paul L. Feinstein Ltd., both of Chicago, for *amicus curiae* Illinois Chapter of the American Academy of Matrimonial Lawyers. |

JUSTICE SPENCE delivered the judgment of the court, with opinion. Justices Jorgensen and Schostok concurred in the judgment and opinion.

## OPINION

¶ 1    This is the second time this case has come before this court. Attorney Michael D. Canulli formerly represented Gregory Phillip Kane in his dissolution of marriage case. During the pendency of the dissolution proceedings, Canulli was granted leave to withdraw as Kane's attorney, and Kane eventually retained new counsel. Within the then-pending dissolution action, Canulli filed against Kane a petition for setting final fees and costs pursuant to section 508(c) of the Illinois Marriage and Dissolution of Marriage Act (Act or Dissolution Act) (750 ILCS 5/508(c) (West 2016)), wherein he sought $48,000 in unpaid attorney fees allegedly incurred. Following a hearing held subsequent to the dissolution of Kane's marriage, the circuit court of Du Page County awarded Canulli $12,500. Canulli appealed, and this court affirmed the award in *In re Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 1 (*Kane I*). Kane was represented by counsel throughout the appeal.

¶ 2                              I. BACKGROUND

¶ 3    On March 7, 2017, Kane filed against Canulli a petition for attorney fees pursuant to section 508(a)(3) of the Act, which provides that the court may order any party to pay a reasonable amount for the other party's attorney fees and costs in connection with the defense of an appeal of any order or judgment under the Act, including a postjudgment order. 750 ILCS 5/508(a)(3) (West 2016). The petition alleged that Kane incurred $11,640 in attorney fees defending against Canulli's appeal in *Kane I* and that Canulli had the ability to pay these fees. Canulli moved to dismiss on April 13, 2017, contending that he was not a "party" for purposes of section 508(a) and therefore could not be liable for fees thereunder. Kane responded that section 508(a) does not limit the word "party" to the original named litigants in the dissolution action and that "Canulli became a party to this matter and subjected himself to the jurisdiction of [the circuit court] by filing a petition for final fees and costs." He also stressed that, under section 508(c)(2), Canulli's petition for final fees and costs was a "distinct cause of action."

¶ 4    On July 11, 2017, the circuit court denied Canulli's motion to dismiss and found that "Canulli is a party for purposes of the petition for fees for defending an appeal filed by [Kane]." The court stated that, "[t]hrough [Canulli's] conduct of filing the petition [for final fees and costs], engaging in a day-long hearing, filing a notice of appeal, arguing the appeal and having [the circuit court] affirmed, [he] made [himself] a party to the collection of the funds." Canulli filed a motion to reconsider, which the circuit court denied on November 7, 2017.

¶ 5    In order to establish Canulli's financial ability to pay the fees as alleged in Kane's fee petition, Kane then initiated discovery against Canulli, seeking information regarding his income, living expenses, assets, and liabilities. Canulli reiterated his argument that he was not a "party" for purposes of section 508(a) and declined to comply with Kane's discovery requests. Kane filed a motion to compel, which the circuit court granted on January 16, 2018.

The court then entered a discovery order directing Canulli to tender to Kane's attorney certain documents relating to Canulli's 2017 income.

¶ 6 Canulli filed a motion requesting that the circuit court hold him in "friendly contempt" for the explicit purpose of appealing the court's interlocutory discovery order. On February 13, 2018, the court granted Canulli's request, held him in friendly civil contempt based on his willful failure to comply with the discovery order, and sanctioned him $1. Canulli timely appealed pursuant to Illinois Supreme Court Rule 304(b)(5) (eff. Mar. 8, 2016), which provides that "[a]n order finding a person or entity in contempt of court which imposes a monetary or other penalty" is immediately appealable. The Illinois Chapter of the American Academy of Matrimonial Lawyers filed an *amicus* brief in support of Canulli's legal position only, stating that it did not condone his conduct as outlined in *Kane I*, 2016 IL App (2d) 150774, ¶¶ 36-43. For the following reasons, we reverse the discovery order and vacate the contempt order and sanction.

¶ 7                                    II. ANALYSIS
¶ 8                                    A. Jurisdiction

¶ 9 As a preliminary matter, we first address the various procedural barriers that Canulli asserts precluded the circuit court from acting on Kane's petition. According to Canulli, the court lacked jurisdiction to entertain Kane's fee petition because, in the prior appeal, we affirmed the court's judgment but "did not remand with instructions which would allow Kane to file a fee petition against Canulli." Canulli contends that, because there was no remand, "the only proceedings which could follow from the appeal [would be] related to the enforcement of Canulli's judgment." He also points to two First District cases for the general proposition that a circuit court has the authority to award prospective attorney fees for the defense of an appeal in a dissolution matter. See *In re Marriage of Pahlke*, 154 Ill. App. 3d 256 (1987); *In re Marriage of Giammerino*, 94 Ill. App. 3d 1058 (1981). Canulli also suggests that Kane's fee petition was barred by the doctrine of *res judicata*.

¶ 10 We reject each argument in turn. Illinois Supreme Court Rule 369 (eff. July 1, 1982) governs the filing of a mandate in a circuit court and guides the proceedings therein following the issuance of the mandate. As our supreme court has explained, "[t]he mandate of a court of review is the transmittal of the judgment of that court to the circuit court, and revests the circuit court with jurisdiction." *PSL Realty Co. v. Granite Investment Co.*, 86 Ill. 2d 291, 304 (1981). Relevant here, Rule 369(b) provides that "[w]hen the reviewing court dismisses the appeal or affirms the judgment and the mandate is filed in the circuit court, enforcement of the judgment may be had *and other proceedings may be conducted as if no appeal had been taken*." (Emphasis added.) Ill. S. Ct. R. 369(b) (eff. July 1, 1982). After the mandate is issued, "the trial court is revested with jurisdiction where the appellate court affirms a judgment or dismisses the appeal." *Glens of Hanover Condominium Ass'n v. Carbide*, 2014 IL App (2d) 130432, ¶ 4. Here, because we affirmed the circuit court's judgment in *Kane I*, the circuit court was revested with jurisdiction to consider other proceedings upon the issuance of the mandate, including Kane's fee petition.[1] No explicit remand was necessary. See *Stein v. Spainhour*, 196 Ill. App. 3d 65, 68-69 (1990) (holding that a request for attorney fees incurred on appeal constituted "other proceedings" under Rule 369(b) following an appellate court mandate affirming the

_____

[1]Canulli does not argue that Kane's fee petition was not an "other proceeding" under Rule 369(b).

trial court); *In re Marriage of Davis*, 292 Ill. App. 3d 802, 813-14 (1997) (noting that remand was unnecessary to allow spouse to seek payment of attorney fees incurred in defense of an appeal under section 508(a)(3) of the Dissolution Act). As such, Canulli's argument regarding the necessity of a remand to revest the circuit court with jurisdiction to consider Kane's fee petition is without merit.

¶ 11    We are not persuaded by Canulli's citation to *Pahlke*, 154 Ill. App. 3d 256, and *Giammerino*, 94 Ill. App. 3d 1058, as neither case supports his argument. Though these cases stand for the proposition that, in some instances, a circuit court may award prospective fees under section 508(a) for the defense of a pending appeal, they do not suggest that such fees must be sought while the appeal is still pending or before the mandate is issued. See also *In re Marriage of Talty*, 166 Ill. 2d 232, 240 (1995) (holding that circuit court had authority under section 508(a) to award prospective attorney fees for defense of an appeal).

¶ 12    Finally, we determine that Canulli has forfeited the issue of whether Kane's fee petition was barred by the doctrine of *res judicata*, as he failed to provide any argument on this point in his opening brief. Illinois Supreme Court Rule 341(h)(7) (eff. Nov. 1, 2017) requires that an appellant's brief include "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." This rule is not a mere suggestion, but has the force of law. *Rodriguez v. Sheriff's Merit Comm'n of Kane County*, 218 Ill. 2d 342, 353 (2006). Canulli's failure to advance any argument on this point results in its forfeiture.

¶ 13                      B. Whether an Attorney Is a "Party" Under Section 508(a)

¶ 14    Having determined that the circuit court had jurisdiction to consider Kane's fee petition, we now turn to the merits of this appeal. In general, Illinois courts follow the "American Rule," which provides that, absent statutory authority or a contractual agreement, each party is responsible for his or her own attorney fees. *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 572 (2000). "In enacting section 508 of the [Dissolution] Act, the legislature abrogated the 'American Rule' in dissolution proceedings so that a spouse with greater financial resources would not have an unfair advantage." *Crouch v. Smick*, 2016 IL App (5th) 150222, ¶ 25. Although Canulli has raised several issues on appeal, our review turns on just one issue: whether an attorney who seeks fees from a former client pursuant to section 508(c) of the Dissolution Act is a "party" under section 508(a). This issue is one of statutory construction, and we therefore apply *de novo* review. *In re Marriage of Rogers*, 213 Ill. 2d 129, 135-36 (2004).

¶ 15    When interpreting a statute, "the court must ascertain and give effect to the intent of the legislature." (Internal quotation marks omitted.) *In re Marriage of Heroy*, 2017 IL 120205, ¶ 13. Indeed, this is the "cardinal rule" of statutory interpretation, to which all others are subordinate. *Alvarez v. Pappas*, 229 Ill. 2d 217, 228 (2008). To that end, the court should first look to the language of the statute, giving the terms their plain and ordinary meaning. *Paris v. Feder*, 179 Ill. 2d 173, 177 (1997). Words and phrases in a statute should not be construed in isolation, but rather, interpreted in light of that statute's other relevant provisions. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 60 (2006). Where the language is clear and unambiguous, the court is to apply the statute without resort to aids of statutory construction. *In re Marriage of Benink*, 2018 IL App (2d) 170175, ¶ 26. However, if the language is ambiguous, we may look to other

- 4 -

resources to ascertain the legislature's intent. *In re Marriage of King*, 208 Ill. 2d 332, 340 (2003).

¶ 16   It is with the above guiding principles that we consider section 508 of the Dissolution Act, which governs attorney fees generally, including petitions for contribution in initial dissolution proceedings and in postdecree proceedings. *In re Marriage of Cozzi-DiGiovanni*, 2014 IL App (1st) 130109, ¶ 32. Section 508(a) provides as follows:

> "The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order any party to pay a reasonable amount for his own or the other party's costs and attorney's fees. Interim attorney's fees and costs may be awarded from the opposing party, in a pre-judgment dissolution proceeding in accordance with subsection (c-1) of Section 501 and in any other proceeding under this subsection. At the conclusion of any pre-judgment dissolution proceeding under this subsection, contribution to attorney's fees and costs may be awarded from the opposing party in accordance with subsection (j) of Section 503 and in any other proceeding under this subsection. Fees and costs may be awarded in any proceeding to counsel from a former client in accordance with subsection (c) of this Section. Awards may be made in connection with the following:
>
> * * *
>
> (3) The defense of an appeal of any order or judgment under this Act, including the defense of appeals of post-judgment orders." 750 ILCS 5/508(a)(3) (West 2016).

¶ 17   Based on a plain reading of the above language, section 508(a) contemplates three distinct types of fee proceedings: (1) interim attorney fees and costs in accordance with section 501(c-1) (*id.* § 501(c-1)), (2) contribution to attorney fees and costs in accordance with section 503(j) (*id.* § 503(j)), and (3) fees and costs to counsel from a former client in accordance with section 508(c) (*id.* § 508(c)). Here, we must determine whether a client who has incurred attorney fees defending against an appeal, stemming from the third type of proceeding, may use the second type of proceeding to seek attorney fees from his or her former counsel.

¶ 18   According to Kane, an attorney who files against a former client a petition for final fees and costs pursuant to section 508(c) of the Act is, for purposes of that petition, a "party" under section 508(a) such that the court is authorized to order the attorney to pay his or her former client's fees and costs related to the section 508(c) fee petition. Kane cites no case law to support this assertion, but rather maintains that it is supported by the plain language of section 508. Specifically, he highlights section 508(c)(2), which provides that "the relief requested under a Petition for Setting Final Fees and Costs constitutes a distinct cause of action" (*id.* § 508(c)(2)) and section 508(c)(5), which contains the phrase "[a] counsel who becomes a party by filing a Petition for Setting Final Fees and Costs" (*id.* § 508(c)(5)). Finally, he points to section 508(a), which authorizes the court to order "*any party* to pay a reasonable amount for his own or the other party's costs and attorney's fees." (Emphasis added). *Id.* § 508(a). As Kane incurred fees defending against Canulli's appeal of his section 508(c) fee award in *Kane I*, Kane maintains that he is eligible to recover them from Canulli under section 508(a)(3), which allows the award of fees for "[t]he defense of an appeal of any order or judgment under this Act." *Id.* § 508(a)(3).

¶ 19   In evaluating this issue, we find *In re Marriage of Pal*, 397 Ill. App. 3d 903 (2010), instructive. In *Pal*, the circuit court awarded the mother temporary custody of the minor

- 5 -

children but ordered that she not allow the children to have any contact with her boyfriend, with whom the children had spent considerable time. *Id.* at 904-05. The circuit court stated that it would consider removing the condition after a professional evaluation of the boyfriend was completed. *Id.* at 905. The children's father had alleged that the boyfriend was a danger to the children, based on prior criminal convictions. *Id.* at 904. The boyfriend then filed a petition to intervene in the dissolution proceeding, seeking to lift the no-contact restrictions imposed in the temporary custody order. The circuit court granted the boyfriend's petition to intervene and, following the favorable completion of the evaluation, lifted the no-contact restrictions. *Id.* at 906. The boyfriend later sought attorney fees and costs from the children's father, but the circuit court denied the request, reasoning that he did not have the same rights to attorney fees as the spouses did under the Dissolution Act. *Id.* at 906-08.

¶ 20 On appeal, the boyfriend argued that he was eligible to seek fees because, as an intervenor, he had the same rights as an original party to the dissolution proceeding and because section 508(a) refers only to parties (and not spouses), which he argued describes a broader category of litigants. *Id.* at 909. After examining the plain language of the Dissolution Act, the Fourth District rejected this argument and affirmed the circuit court's ruling that an intervenor is not a "party" under section 508(a). *Id.* at 910-11. In reaching its conclusion, the court first looked to the express purposes of the Dissolution Act, which include making "reasonable provision for *spouses* and minor children during and after litigation *** to achieve substantial parity in parties' access to funds for litigation costs." (Emphasis added and internal quotation marks omitted.) *Id.* at 910. The court reasoned that "the General Assembly clearly intended section 508(a) of the Dissolution Act to apply to spouses and not intervenors." *Id.* at 910-11. It also made clear that "[a]n intervenor is not an 'opposing' party in a dissolution action" but that "[t]he spouses are the 'opposing' parties." *Id.* at 911. The court also looked to the use of the terms "party" and "opposing party" in section 503(j) and, again, made clear that "only two parties, the spouses, are involved when making an award of attorney fees." *Id.* Finally, the court noted that section 503(j) mandates that an award of attorney fees be based on the criteria for the division of marital property under section 503(d) and for an award of maintenance under section 504. The court noted that "[t]hese factors are not applicable to someone who was not a spouse in the marital relationship." *Id.*

¶ 21 Put simply, for purposes of evaluating whether one is a "party" under section 508(a) of the Dissolution Act, we see no reason to distinguish between the boyfriend-intervenor in *Pal* and Canulli, an attorney who has exercised his statutory right to petition for fees under section 508(c). Indeed, Kane's primary argument on appeal largely mirrors those that the Fourth District rejected explicitly in *Pal*. Although the General Assembly has since revised the section outlining the purposes of the Dissolution Act, it nevertheless remains clear that the term "party" in section 508(a) is limited to the spouses in the original dissolution action commenced under the Act.[2] We agree with the conclusion in *Pal* that, under section 508(a), "[t]he spouses are the 'opposing' parties [in a dissolution action]." *Id.*; see also *In re Marriage of Pagano*, 154

---

[2]One of the stated purposes of the Dissolution Act is to "make reasonable provision for support during and after an underlying dissolution of marriage, legal separation, parentage, or parental responsibility allocation action, including provision for timely advances of interim fees and costs to all attorneys, experts, and opinion witnesses including guardians *ad litem* and children's representatives, to achieve substantial parity in parties' access to funds for pre-judgment litigation costs in an action for dissolution of marriage or legal separation." 750 ILCS 5/102(8) (West 2016).

Ill. 2d 174, 183 (1992) ("The primary purpose of section 508 is to give the court the authority in a dissolution proceeding to equalize the relative positions of the parties before it, 'diminishing any advantage one *spouse* may have over the other in the presentation of a case due to a disparity in their respective financial resources.' " (Emphasis added.)) While an attorney might be a party to the extent that he or she asserts a claim under section 508(c) (see 750 ILCS 5/508(c)(5) (West 2016) (providing that an attorney "who becomes a party by filing a Petition for Setting Final Fees and Costs *** shall not be entitled to exercise the right to a substitution of a judge without cause")), the attorney is not an "opposing party" for purposes of contribution under section 508(a).

¶ 22    Moreover, just as in *Pal*, applying section 503(j) to the instant matter would be illogical, given that the factors on which an award of contribution must be based have no relevance between an attorney and a former client. The factors include the value of the property assigned to each spouse, the duration of the marriage, and the reasonable opportunity of each spouse for future acquisition of capital assets and income, among others. *Id.* § 503(d). In his brief, Kane appears to concede this point, but he argues that section 503(j) is merely "not applicable" because a fee dispute between an attorney and his or her former client is a "distinct cause of action" under section 508(c)(2). We reject Kane's suggestion to disregard section 503(j) in this action, as it would run counter to the statutory directive in section 508(a). As our supreme court recently stated in a case involving a petition for contribution related to postdecree proceedings:

> "The language in section 508 is clear and unambiguous. The trial court must (1) 'consider[ ] the financial resources of the parties' and (2) make its decision on a petition for contribution 'in accordance with subsection (j) of Section 503.' 750 ILCS 5/508(a) (West 2014). To say that the court should not consider the statutory factors is clearly contrary to the plain language of the statute." *Heroy*, 2017 IL 120205 ¶ 19.

¶ 23    Kane attempts to distinguish *Pal* by pointing out that Canulli did not intervene in the dissolution action, but rather sought fees under section 508(c), which is a "distinct cause of action" See 750 ILCS 5/508(c)(2) (West 2016). Although this section states that "the relief requested under a Petition for Setting Final Fees and Costs constitutes a distinct cause of action" (*id.*), nothing about this language—even if read in complete isolation as implicitly argued by Kane and as quoted in his brief—confers on an individual the ability to seek attorney fees from his or her former counsel under section 508(a) or makes counsel a "party" thereunder. Indeed, our supreme court has already clarified the phrase "distinct cause of action," and the court's explanation does not aid Kane's argument. In *King*, 208 Ill. 2d 332, the court examined the phrase within the context of the sentence immediately following it, which provides that "[a] pending but undetermined Petition for Setting Final Fees and Costs shall not affect appealability or enforceability of any judgment or other adjudication in the original proceeding." 750 ILCS 5/508(c)(2) (West 2016); see *King*, 208 Ill. 2d at 341-42. The court explained that the phrase "distinct cause of action" simply codified our holding in *In re Marriage of Kerman*, 253 Ill. App. 3d 492 (1993), that that the pendency of an attorney's petition for fees against his or her former client does not render premature a party's appeal from the judgment of dissolution. *King*, 208 Ill. 2d at 342-45 (2003). In other words, once issues such as child support, property division, and maintenance are finally determined, "the judgment of dissolution is final and appealable, despite the continued pendency of the issue of attorney fees under section 508(c)." *Id.* at 344. Here, there is no dispute concerning whether

any order or judgment is final and appealable, and all of the proceedings that culminated in the instant appeal occurred subsequent to the entry of the final judgment of dissolution.

¶ 24 In sum, because Canulli was not a party to the underlying dissolution action, Kane had no statutory right to seek fees from him under section 508(a) of the Dissolution Act.

¶ 25                                III. CONCLUSION

¶ 26 For the above-stated reasons, we reverse the discovery order and vacate the contempt order and $1 sanction.

¶ 27         Discovery order reversed.

¶ 28         Contempt order vacated.