2023 IL App (1st) 220285-U

No. 1-22-0285

Order filed April 26, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ROVEL POLLOCK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 L 11943 |
| | ) | |
| BRADLEY SMITH and BT ASSOCIATES, LLC, | ) | Honorable |
| | ) | Maire Aileen Dempsey, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice McBride and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss this appeal due to plaintiff's failure to provide a sufficient record from which we can determine whether she timely filed a motion to reconsider the circuit court's ruling on her petition for attorneys' fees and costs.

¶ 2    This appeal arises from the circuit court's order denying as untimely plaintiff's motion to

reconsider the court's ruling on plaintiff's petition for attorneys' fees and costs pursuant to section

5-12-180 of the Chicago Residential Landlord and Tenant Ordinance (RLTO) (Chicago Municipal

Code § 5-12-180 (added Nov. 6, 1991)). On appeal, plaintiff argues that her motion to reconsider

was timely, and that the circuit court mistakenly believed that it was untimely because the court was relying on its own misdated order resolving plaintiff's fee petition. According to plaintiff, the circuit court has acknowledged that error and has attempted to correct it after the filing of this appeal but has lost jurisdiction over this matter. Plaintiff asks us to reverse the circuit court's denial of her motion to reconsider and remand this matter to revest the circuit court with jurisdiction to address that motion on its merits. She also requests that we issue specific directions to the circuit court as to how to address the issues raised in her motion to reconsider and order the circuit court to award her reasonable attorneys' fees and costs for litigating this appeal. For the following reasons, we dismiss this appeal.

¶ 3                                  I. BACKGROUND

¶ 4      The record on appeal consists only of the common law record; there are no reports of proceedings. Plaintiff's brief includes a 1,137-page appendix that is apparently intended to function as a supplement to the record. For reasons that we will explain further below, plaintiff's appendix cannot serve to supplement the record unless defendants have so stipulated, which they have not.[1] So, we take the facts set forth below only from the common law record.

¶ 5      Plaintiff, Rovel Pollock, sued defendants, Bradley Smith and BT Associates, LLC, for violations of the RLTO. Plaintiff alleged that she rented an apartment in Chicago that BT Associates owned, and Smith managed. During plaintiff's tenancy, defendants imposed multiple $60 fees for late payment of rent. When plaintiff vacated the apartment, defendants withheld part of her security deposit to pay the accumulated late fees and for damage to the unit. Plaintiff's complaint alleged one count for improperly handling her security deposit under section 5-12-080

---

[1] Defendants have not filed a brief or, as best we can tell, participated in this appeal at all.

of the RLTO (Chicago Municipal Code § 5-12-080 (amended July 28, 2010)), and 14 counts for charging late fees beyond what the RLTO allows under section 5-12-140 (Chicago Municipal Code § 5-12-140 (amended November 6, 1991)).

¶ 6    The circuit court granted summary judgment for plaintiff with respect to the one count alleging improper handling of her security deposit and denied summary judgment with respect to all other counts. The court calculated damages as the return of plaintiff's security deposit, $1,375, plus two times the security deposit, $2,750, for a total of $4,125.

¶ 7    Plaintiff filed a petition seeking $35,123 in attorneys' fees and $707.01 in costs for obtaining summary judgment on one count. The circuit court granted plaintiff's fee petition in part and denied it in part, awarding plaintiff $5,278 in attorneys' fees and $707.01 in costs. The court's docket report, which is in the record on appeal, indicates that the court ruled on plaintiff's fee petition on August 19, 2021. The court's written order resolving plaintiff's fee petition is file-stamped August 19, 2021. However, the text of the order states that the court held oral argument on plaintiff's fee petition on August 19, 2021, and ruled on August 30, 2021.

¶ 8    On September 29, 2021, plaintiff filed a motion to reconsider the circuit court's ruling on her fee petition. Plaintiff argued that (1) defendants failed to cut off her accumulation of attorneys' fees because they did not pay plaintiff the interest they owed on her security deposit, (2) the circuit court wrongly disallowed time that plaintiff's counsel spent on tasks related to the case as a whole, (3) the circuit court wrongly disallowed time that plaintiff's counsel spent litigating the fee petition itself, and (4) the circuit court should clarify its order to specify which individual time entries it had disallowed. Defendants did not file a response to the motion to reconsider. On January 3, 2022, the circuit court found that plaintiff's motion to reconsider was untimely under section 2-1203 of

the Code of Civil Procedure (735 ILCS 5/2-1203(a) (West 2020)) because plaintiff filed it more than 30 days after August 19, 2021. The court concluded that it lacked jurisdiction over the motion to reconsider and struck the motion.

¶ 9    Plaintiff timely appealed.

¶ 10                                  II. ANALYSIS

¶ 11    This appeal is premised on plaintiff's claim that her motion to reconsider the circuit court's ruling on her fee petition was timely and should have been addressed on its merits. According to plaintiff, the circuit court ruled on her fee petition on August 30, 2021. However, an incorrect file stamp on the fee petition order caused the circuit court to mistakenly believe that it ruled on August 19, 2021. So, when the court was presented with plaintiff's motion to reconsider filed on September 29, 2021, the court mistakenly believed that the motion to reconsider was untimely because it had ruled on the fee petition on August 19, 2021, and plaintiff filed the motion to reconsider more than 30 days after that date. Plaintiff's brief claims that the circuit court has acknowledged this error and has tried to correct it after the filing of this appeal but has lost jurisdiction due to this appeal. Plaintiff asks us to reverse and remand to revest the circuit court with jurisdiction to correct this mistake and to address her motion to reconsider on the merits. Plaintiff also asks us to order the circuit court to award her attorneys' fees for time spent on this case as a whole and for litigating this appeal, and to provide reasoning for each deduction and award of fees.

¶ 12    As noted above, the record contains no reports of proceedings or any materials from proceedings in the circuit court after plaintiff filed this appeal. We cannot consider documents that are not part of the record on appeal. *In re R.M.*, 2022 IL App (4th) 210426, ¶ 21 (citing, *inter alia*,

*People v. Garcia*, 2017 IL App (1st) 133398, ¶ 35). Plaintiff has attempted to address these deficiencies by including post-appeal materials in the appendix to her brief. That approach is not proper. An appellant cannot supplement the record on appeal with documents attached to her brief in the appendix. *Scatchell v. Bd. of Fire and Police Commissioners for Village of Melrose Park*, 2022 IL App (1st) 201361, ¶ 111 (not yet released for publication and subject to revision or withdrawal) (citing *Pikovsky v. 8440-8460 North Skokie Blvd. Condominium Ass'n*, 2011 IL App (1st) 103742, ¶ 16). Illinois Supreme Court Rule 329 does allow the parties to correct material omissions from the record by stipulation (Ill. S. Ct. R. 329 (eff. July 1, 2017)), but that has not occurred in this case. So, we can only consider materials that appear in the common law record.

¶ 13    The materials in the common law record do not clearly answer whether plaintiff's motion to reconsider was timely, which is the fundamental question of this appeal. If the court ruled on plaintiff's fee petition on August 30, 2021, then plaintiff's motion to reconsider filed on September 29, 2021, was timely. See 735 ILCS 5/2-1203(a) (West 2020) (a party may file a motion to reconsider a judgment within 30 days of the judgment). If the court ruled on August 19, 2021, then plaintiff's motion to reconsider was untimely. See *id.* The record before us reflects two conflicting findings by the circuit court on this issue. The body of the court's order resolving plaintiff's fee petition states that the court ruled on the fee petition on August 30, 2021. However, the circuit court's order denying plaintiff's motion to reconsider finds that the court ruled on the fee petition on August 19, 2021. Other materials in the record do not resolve the conflict between these findings. For example, the docket report indicates that the circuit court ruled on the fee petition on August 19, 2021, and it reflects no activity on August 30, 2021. The record also contains an agreed order setting a hearing on plaintiff's fee petition on August 19, 2021, which may have been the

date for oral argument on that petition. The record contains no such order setting a hearing for August 30, 2021, which plaintiff maintains was the ruling date.[2] So, the record is not sufficient for us to resolve, with confidence, the circuit court's conflicting findings that it ruled on plaintiff's fee petition on August 19 and August 30, 2021. We cannot resolve this issue by relying on materials in plaintiff's appendix. See *Pikovsky*, 2011 IL App (1st) 103742, ¶ 16.

¶ 14    Plaintiff, as the appellant, has the burden of presenting a sufficient record to decide the question she has raised. See *Chicago Province of the Society of Jesus v. Clark & Dickens, L.L.C.*, 383 Ill. App. 3d 435, 443 (2008). She has failed to do so, so we will resolve all doubts arising from incompleteness against her. See *Court of Northbrook Condominium Ass'n v. Bhutani*, 2014 IL App (1st) 130417, ¶ 42. Without a sufficient record, we must "presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis." *Wackrow v. Niemi*, 231 Ill. 2d 418, 428 n. 4 (2008). We dismiss this appeal due to the record being inadequate to resolve the threshold issue of whether plaintiff's motion to reconsider was timely. See *City of Chicago v. Jeron*, 2014 IL App (1st) 131377, ¶ 9 ("we will dismiss and appeal if the appellant fails to supply" an adequate record).

¶ 15    Upon our dismissal of this case, the trial court will be revested with jurisdiction. *Glens of Hanover Condominium Ass'n v. Carbide*, 2014 IL App (2d) 130432, ¶ 4. When the mandate is filed in the circuit court, "other proceedings may be conducted as if no appeal had been taken." Ill. S. Ct. R. 369(b) (eff. July 1, 1982). Matters regarding attorneys' fees constitute "other proceedings" under Rule 369(b) (*Coldwell Banker Havens, Inc. v. Renfro*, 288 Ill. App. 3d 442,

---

[2] The record does contain an email from plaintiff's counsel to the circuit court dated August 30, 2021, that attaches "the order from today's ruling." However, this email contains no further information regarding what the ruling or order was.

447 (1997)), so the circuit court will have jurisdiction to address matters regarding attorney's fees when our mandate is issued. An explicit remand is not necessary to revest the trial court with jurisdiction. See *In re Marriage of Kane*, 2018 IL App (2d) 180195, ¶ 10. If the circuit court clarifies the record and finds that it ruled on plaintiff's fee petition on August 30, 2021, then it can find that plaintiff's motion to reconsider was timely and address that motion on its merits. If the circuit court finds that it ruled on plaintiff's fee petition on August 19, 2021, then plaintiff's motion will still be untimely, and the circuit court need not take any further action.

¶ 16     Plaintiff has requested this court rule on the issue of attorneys' fees for the appeal. Because we dismiss this appeal due to an insufficient record as to the question of whether plaintiff's motion to reconsider was timely, we decline to issue the specific instructions to the circuit court that plaintiff seeks. If plaintiff prevails in the trial court on the issue of whether the motion to reconsider was timely, it is up to the trial court to determine the propriety of the attorneys' fees for appeal.

¶ 17                                III. CONCLUSION

¶ 18     For the foregoing reasons, we dismiss this appeal.

¶ 19     Appeal dismissed.